———o———

THE CITY OF GRAND RAPIDS v. GAIUS W. PERKINS.

*Opening streets—View of premises by jury—Evidence—Statutory construction.*

1. Whatever the jury may learn of the lands sought to be condemned in a street-opening case under Act No. 124, Laws of 1883, by a view of the premises, may be used by them in determining the weight of conflicting testimony, but upon this view alone they cannot entirely disregard all other evidence, and fix and determine the compensation according to their own whims and caprices. *Close v. Samm*, 27 Iowa, 503.

2. Upon an appeal in a street-opening case, under Act No. 124, Laws of 1883, the statute provides that the case shall be treated as a chancery appeal, and that the appellate court may affirm, or for any substantial error reverse, the judgment, and may grant a new trial.

3. The question is not before us in the case whether either party, in a street-opening case under Act No. 124, Laws of 1883, may of right demand that the jury view the premises, but it is undoubtedly true that this right exists.

Appeal from superior court of Grand Rapids. (Burlingame, J.) Argued October 25, 1889. Decided November 15, 1889.

Street-opening case. Defendant appeals, Reversed. The facts are stated in the opinion.

*Taggart, Wolcott & Ganson,* for appellant.

*Wm. Wisner Taylor,* City Attorney (*J. W. Ransom,* of counsel), for the city.

[The points of counsel are stated in the opinion.— REPORTER.]

LONG, J. This proceeding was instituted by the city of Grand Rapids under Act No. 124, Laws of 1883 (How. Stat. § 1295 *et seq.*). It was brought for the condemnation of nine parcels of land for the extension and improvement of one of the streets of the city. The cause was duly brought on for trial before a jury, proofs were introduced on either side of the controversy, and the case given to the jury under the charge of the court. After the jury had been in deliberation for some time, they returned into court and asked for further instructions, and the following proceedings were had:

"*By a Juror to the Court.* I am instructed by this jury to ask you this question: Can we award below the evidence or above it on any one parcel?

"*By the Court.* No, sir.

"*By a Juror.* That is what we wanted to know.

"*The Court.* Your view of the premises is a portion of the evidence in the case.

"*Mr. Tinker.* I don't understand they can take their judgment upon that matter outside of the sworn evidence in the case, and award a judgment below or above that evidence; that is my view of the matter.

"*Mr. Ransom (city attorney).* As the court says, their view of the premises is a portion of the evidence in the

case, and they are entitled to use their own judgment in connection with the evidence in the case,—it may be above or below.

"*The Court.* That is all I have to say. You cannot award a greater amount or a less amount than the evidence in the case would warrant. Your view of the premises is evidence in the case.

"*Mr. Tinker.* Give me an exception to the ruling."

The jury then retired, and, after being absent for a time, returned into court, and rendered a verdict for less than the lowest amount fixed by any witness giving his sworn testimony.

The jury, under the direction of the court, during the proceedings had viewed the premises.

The instruction given the jury, in effect, was that while they could not find the value of any parcel less or greater than the evidence fixed it, yet their view of the premises was a portion of the evidence by which they might be guided in their judgment of value. In effect, the jury were told that although witnesses were sworn in the case, and gave testimony as to the value, yet the jury could disregard this testimony, and find the value according to their own judgment, inasmuch as they had viewed the premises. Counsel for the city contends that this is the correct rule, and cites Sutherland on Damages and *Brewer v. Tyringham,* 12 Pick. 547, as sustaining this rule, and claims that their findings may be more or less in amount than that stated by any witness.

Section 7 of the statute under which these proceedings are had provides:

"The jury shall hear the proofs and allegations of the parties, and, if so ordered by the court, shall go to the place of the intended improvement, in the charge of an officer, and upon or as near as practicable to any property proposed to be taken, and examine the premises."

This section further provides:

"They shall be instructed as to their duties, and the law of the case, by the judge of the court, and shall retire under the charge of an officer, and render their verdict in the same manner as on the trial of an ordinary civil case," etc.

Section 15, Art. 15, of the Constitution of this State provides:

"Private property shall not be taken for public improvements in cities and villages without the consent of the owner, unless the compensation therefor shall first be determined by a jury of freeholders, and actually paid or secured in the manner provided by law."

The statute above cited provides the mode of obtaining the jury under this provision of the Constitution, and prescribes the manner of proceeding before the jury to ascertain the necessity of taking private property for such uses, as well as the just compensation to be paid.

The Legislature have undoubtedly the right to fix by law the manner in which such compensation is to be ascertained and determined by the jury, and by this statute have provided that the jury shall hear the proofs and allegations of the parties, and when so ordered by the court the jury shall go to the place of the intended improvement. The question is not before us in this case whether either party may of right demand this view by the jury, but it is undoubtedly true that this right exists. It is, however, the plain intent of the Constitution that the Legislature shall fix the mode to be pursued by the jury in determining the just compensation. It cannot be true that the Legislature intended that the jury should determine this compensation solely upon view of the premises, and entirely disregard the evidence which the statute provides the parties may offer. If this is true then that provision of the statute is rendered entirely nugatory. The fact that a juror may have no knowledge whatever of the value of the property to be taken, or of

the value of properties in that locality, might not disqualify him to sit; yet, under the contention of counsel for the city, he could disregard all the evidence introduced, and, upon a mere view of the premises, fix and determine the award to be made. This plainly is not the intent of this constitutional provision or of the statute.

Such values cannot be said to be of such common knowledge that every person qualified to sit as a juror in the case may determine it solely upon view alone. Certain conditions may exist, affecting values, which upon view would not be ascertained, and which could only be made apparent by the testimony of those well informed as to location and surroundings, and who have some knowledge of values. As was said by the court in *Washburn v. Railroad Co.*, 59 Wis. 364 (18 N. W. Rep. 328):

"To allow jurors to make up their verdict on their individual knowledge of disputed facts material to the case, not testified to by them in court, or upon their private opinions, would be most dangerous and unjust. It would deprive the losing party of the right of cross-examination, and the benefit of all the tests of credibility which the law affords. Besides, the evidence of such knowledge or of the grounds of such opinions could not be preserved in a bill of exceptions or questioned on appeal. It would make each juror the absolute judge of the accuracy and value of his own knowledge or opinions, and compel the appellate court to affirm judgments on the facts, when all of the evidence is before it and there is none whatever to support the judgment. The court would be obliged to presume that the jury or some juror had, or at least thought he had, some personal knowledge of facts outside the testimony, or contrary to it, which would sustain the judgment."

Whatever the jury may learn of the lands in question by a view may be used by them in determining the weight of conflicting testimony, but upon this view alone they cannot entirely disregard all the other evidence, and

fix and determine the compensation according to their own whims and caprices. These views are also fully supported by the case of *Close v. Samm,* 27 Iowa, 503. In the present case it is evident the jury discarded all the evidence, except their own view, and upon that alone determined the value. The court was therefore in error in the instructions given.

Some question is raised by the city attorney that the objection to this part of the charge and the exception taken was not made by the counsel representing the appellant in this cause, and therefore the appellant cannot now avail himself of it. There is nothing in this point. Upon an appeal to this Court the statute provides that the case shall be treated as a chancery appeal, and that this Court may affirm, or for any substantial error reverse, the judgment, and may grant a new trial.

The verdict and judgment must be set aside so far as affecting the lands of Mr. Perkins, and a new trial ordered. The appellant will recover his costs in this Court.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred. SHERWOOD, C. J., did not sit.