LAND, J.
Plaintiff sued the city of Shreveport to recover $4,156.10, for alleged damage to three lots, with the buildings and improvements thereon, fronting on Franklin street in said city, by the lowering the grade of said street about ten feet below its original surface.
For answer, the defendant admitted the lowering of the grade about four feet, but denies its responsibility for the damage, if any was sustained.
The cause was tried before the judge, without a jury, and judgment was rendered in favor of the plaintiff in the sum of $2,746, the aggregate of items of damage as follows:
*159 To market value of the property after plaintiff had built a retaining wall at a cost of $701.10..............$2,500.00
Eor carpentry work, etc............ 35.00
For gas and water pipes........... 70.00
For terrace....................... 121.00
For two trees....................... 20.00
$2,746.00
Defendant has appealed, and the plaintiff has answered praying that the amount of the judgment be increased to the sum demanded in the petition.
In January, 1899; plaintiff purchased the three lots in question for $2,000 cash.
Plaintiff testified that said lots were from 3% to 6% feet above the surface of Franklin street, and its grade was not lowered by the city until the year 1912; that the improvements on the property, including five tenement houses, cost him nearly $6,000; that three of said houses rented for $15 per month, and were rarely-vacant; that the lowering of the grade had reduced their rental value to $11.50 per month.
Plaintiff testified that the value of his said property before the grading was at least $9,-000, and that its selling or market value at the time of the trial was about $6,000.
Witnesses for the’Plaintiff.
Leon I. Kahn, real estate owner, and lessor of property for himself, wife, and others, corroborated the estimates of the plaintiff.
R. R. Emery, real estate agent since 1898, fixed the value of the property before the grading at about $8,000, and the depreciation at 25 per cent., or $2,000.
Abe Meyer, a large real estate owner, fixed the value of the property before the grading at about $8,500, and the depreciation at about one-third, or $2,833.33%.
W. A. Jones, real estate agent for four years, fixed the value of the property before the grading at $8,500, and after, at $6,500, making a depreciation of $2,000.
John Sewell, real estate owner, and familiar with real estate values “to some extent,” fixed the value of the property before the grading at about $11,000 and after, at about $7,000.
In answer to a question whether he could get $7,000 for the property, he replied, “Well, I’d give it.” The same witness, when asked to fix the depreciation, answered, “Well, about $2,500.”
T. J. Layton, owner of several pieces of property rented out for tenement purposes, who considered that he had “a common sense idea” of real estate values, estimated the value of the property before grading at $9,-000, and considered that the grading had reduced by $3,000 the selling value of the property.
Moise Levy, real estate agent, estimates the depreciation as from 25 per cent, to 33% per cent, of $9,000, the value of the property before the grading was done.
Defendant’s Witnesses.
H. E. Barnes, city engineer, testified that at one end of the cut is 11 feet, at the center 12% feet, and at the other end 10% feet; and that there are two sets of concrete steps, one having 19, and the other 21, steps. The same witness testified that the necessary terracing would cost $78.
H. R. Ratcliff, real estate agent, first estimated the difference between the value of the property, including the wall, as it stood on the day of the trial and the value of it before the grading at from $750 to $1,000; and then states that the value of the wall should be added to his first estimate.
A. C. Steere, real estate agent, estimates the depreciation at the cost of the wall and steps plus $750.
J. G. Hester, real estate agent, estimates the total damage at the cost of the wall and steps plus $1,000.
It is to be noted that none of the last three witnesses estimated the market value of the property before the grading.
*161 We give below the estimates based on difference of market value before and after the grading of Franklin street:
Plaintiff, $3,000.
Leon I. Kahn, $3,000.
R. R. finery, $2,000.
Abe Meyer, $2,833.
W. A. Jones, $2,000.
John Sewell, $2,500.
T. J. Layton, $3,000.
Moise Levy, $2,500 to $3,000.
[1, 2] OS such a showing we think that our learned Brother below acted conservatively in fixing the damage or depreciation in market value at $2,500, somewhat less than the mean of the foregoing estimates, excluding those made by the three witnesses for the defendant, not based on market value before and after the grading.
Value is a mere matter of opinion, and, in cases of assessment of damages, the appellate court should not disturb the judgment below “unless clearly wrong.” 1 Hennen’s Digest, p. 92 (b) 1.
The city attorney in his brief does not complain of the allowance of the minor items of damage.
Judgment affirmed.
O’jSíIELL, J., dissents, considering the judgment- excessive.