(110 So. 753)

No. 27911.

**TEXAS PACIFIC–MISSOURI PACIFIC TERMINAL R. R. OF NEW ORLEANS v. STRAUSS.**

(Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Eminent domain** ⬉149—Expropriation; valuation by jury in expropriation suit held not excessive, though in excess of highest valuation by experts.

In suit for expropriation, finding of jury that value was $6,000 will not be disturbed, where value fixed by witnesses ranged from $4,500 to $6,300, though highest valuation of expert witnesses was $5,500.

2. **Eminent domain** ⬉262(4)—Expropriation; in expropriation suit, verdict as to market value will not be disturbed, unless clearly excessive or inadequate.

Verdict of jury in expropriation suit as to market value of property will not be disturbed, unless clearly excessive or inadequate; jury being regarded to some extent as experts in such suits.

Appeal from Twenty-Fourth Judicial District Court, Parish of Jefferson; L. Robert Rivarde, Judge.

Suit by the Texas Pacific-Missouri Pacific Terminal Railroad of New Orleans against William F. Strauss for expropriation of property. Judgment fixing value thereof, and plaintiff appeals. Affirmed.

John E. Fleury, of Gretna, for appellant.
A. T. Higgins, of New Orleans, for appellee.

BRUNOT, J. This is a suit to expropriate a lot or parcel of ground situated in the city of Gretna, in what was formerly known as the town of McDonoghville, being lot No. 12 in square No. 59, bounded by Jefferson, Perry, Madison, and Copernicius streets, and measuring 38 feet 11 inches front on Perry street by a depth, between parallel lines, of 159 feet 7 inches, American measure, together with the buildings and improvements thereon. The property was acquired by the defendant in 1908, and it has been the home and residence of himself and family since its acquisition.

It is not necessary to state the issues raised by the pleadings, for the only question the appeal presents for decision is one of value. The jury fixed the value of defendant's property at $6,000, and judgment was rendered for that sum. It is shown that, before this suit was filed, plaintiff had the property appraised by its land and industrial agent, Frank J. Burke, who fixed the value of the lot at $1,000 and the value of the im-

provements thereon at $3,500. Plaintiff attempted to purchase the property for $4,500, the total sum of Burke's appraisement, but defendant valued his property at a sum largely in excess of the price offered, and this suit followed. In the answer to the suit, defendant fixes the market value of the property sought to be expropriated at $8,500.

[1] Plaintiff called a number of witnesses, who testified to the extent and nature of the facilities its business demanded and to the price of various properties it had acquired for the purpose of enabling it to increase its facilities to properly meet these demands. It is not necessary to review that testimony. On the question of value, the plaintiff offered two experts, Messrs. Frank J. Burke and Reuben Mayronne. Mr. Burke valued the lot and improvements at $4,500, while Mr. Mayronne, on cross-examination, says that the improvements alone are worth $4,500. It appears that Mr. Burke did not make a critical examination of the improvements. He does not know how many rooms are in the house, the size of the rooms, or the interior finish and decoration. He says the house is a frame building, slate roof, with five or six rooms. His estimate of its value is therefore merely approximate. Mr. Mayronne made a more critical examination, and he says:

"I figured the house would be worth around $3,500 or $4,000, more or less; the stable you can figure at $200 or $300, and the outhouses the same thing, making it run around $4,000 or $4,500."

Accepting Mr. Burke's valuation of the lot at $1,000 as being approximately correct, and Mr. Mayronne's valuation of the improvements at $4,500, more or less, this court cannot be expected, in reason or law, to hold that the court and jury, who heard the witnesses testify, and who observed them while on the witness stand, have erred in fixing the market value of defendant's property at $6,000, especially when three carpenters and builders, of many years' experience in their trade, were called by defendant and testified as follows:

Charles A. Huber fixed the value of the lot and improvements at $5,500.

Joseph Schurb fixed the value at $6,200 or $6,300, and Jacob Cass fixed the value at $6,000.

[2] The record discloses that the jury viewed and inspected the premises. In suits of this character, jurors are regarded, to some extent, as experts, and the verdict of a jury as to the market value of property, in such suits, will not be disturbed, unless it clearly appears that the verdict is either excessive or inadequate. Cahn v. City of Shreveport, 140 La. 158, 72 So. 909; La. Ry. & Nav. Co. v. Knox, 125 La. 454, 51 So. 493; City of Shreveport v. McClure, 132 La. 468, 61 So. 530; Opelousas, Gulf & N. E. R. Co. v. St. Landry Cotton Oil Co., 121 La. 796, 46 So. 810; Baton Rouge v. Cross, 147 La. 719, 85 So. 883; N. O. & G. R. Co. v. Frank, 39 La. Ann. 707, 2 So. 310; Texas P.-Mo. P. R. R. v. Dittmar, 161 La. 444, 108 So. 877, S. R. July 24, 1926.

We see no reason to disturb the verdict and judgment in this case, and the judgment appealed from is affirmed at appellant's cost.