(111 So. 260)

No. 26164.

## CITY OF NEW ORLEANS v. REATZ.

(Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Eminent domain ⚖262(4)—Jury's verdict, in expropriation proceedings, as to value of property will not be disturbed unless clearly excessive or inadequate.**

In expropriation proceedings, jurors are regarded as experts, to some extent, and their verdict as to value of property will not be disturbed unless clearly excessive or inadequate.

2. **Eminent domain ⚖149—Verdict of $8,180 held not excessive for expropriation of lot 28 by 164 feet, improved by double cottage and stable.**

Verdict of $8,180 for expropriation of lot 28 feet by 164 feet, improved by well-built double cottage. having five rooms and bath on each side, slate roof, gas and electric fixtures, and rat proof stable, *held* not excessive.

St. Paul, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Expropriation proceeding by City of New Orleans, by and through the Public Belt Railroad Commission, against Frederick Reatz, Jr. From the judgment, plaintiff appeals. Affirmed.

W. McL. Fayssoux, Sp. Counsel, of New Orleans, for appellant.

James Wilkinson and Arthur J. Peters, both of New Orleans, for appellee.

ROGERS, J. This is an expropriation proceeding in which the only question involved is the value of the property and the quantum of damages. The plaintiff claimed that the property was worth $3,000, and defendant claimed that its value was $9,092 and that he would be damaged, additionally, in the sum of $75 by its expropriation. The jury found in favor of the defendant for $8,180, and plaintiff, after an unsuccessful attempt to obtain a new trial, appealed.

Defendant's property is situated in the city of New Orleans, in square No. 82, bounded by Tchoupitoulas, Front, Valence, and Bordeaux streets. The lot measures 28 feet front on Tchoupitoulas street, the same frontage on Front street, by 164 feet in depth between parallel lines. The improvements thereon consist of a well-built double cottage facing Tchoupitoulas street. The house contains five rooms and a bath on each side. It is covered with a slate roof, has plastered walls, and is equipped with gas and electric fixtures. The street sidewalk, front yard, and side alleys are paved. On the rear of the lot and facing Front street is a rat proof stable containing three stalls. Defendant, his family, and his brother have been living in the premises for approximately 25 years. The $75 claimed as damages is his estimate of the cost to him of packing up and removing his furniture and effects to another dwelling house.

[1] The record contains a number of maps, photographs, and copies of titles referring to the property in controversy and to other properties which plaintiff had acquired in the neighborhood for the purpose of increasing its facilities in order to adequately meet the demands of its business. It also contains the testimony of witnesses called by both sides to give their opinions as experts of the value of the defendant's property. All this evidence was before the jury when it rendered its verdict. In suits of this character jurors are themselves regarded, to some extent, as experts, and their verdict as to the value of the property sought to be expropriated will not be disturbed unless it clearly appears to be either excessive or inadequate. Texas Pacific-Missouri Pacific Terminal Railroad v. Strauss, ante, p. 553, 110 So. 753, No. 27911 of our docket, and authorities cited therein.

[2] It is true that there is a wide variance of opinion among the witnesses for plaintiff and for the defendant as to the value of the property in dispute, and it is also true that plaintiff has purchased some properties in the vicinity at a price, apparently, less than it

has been condemned by the jury to pay for defendant's property. On the other hand, there is testimony in the record to the effect that the properties so purchased are not as valuable as the property of the defendant. It is also certain that plaintiff submitted an offer, which was accepted, to purchase from the Lane Cotton Mill, at the rate of $1 per square foot, a vacant half square of ground situated directly, opposite, and across Front street, from the property which it seeks to expropriate in these proceedings. On the basis of this offer and acceptance, defendant's lot, which contains 4,592 square feet, without the improvements, is worth $4,592.

It is the rule rather than the exception, when experts are called in on questions of values, to find one class of witnesses who value property highly and another class of witnesses who value it lowly, and there is usually a wide margin between the two. Opinions of such witnesses are apt to lean to the party in whose behalf they are called, and, though honestly given, are always affected, more or less, by the prejudices and views peculiar to the witness. We find, however, from an examination of the testimony, that one of the experts called by the defendant appears to have an intimate knowledge of the property in question. In addition to being an experienced real estate agent, he had, prior to engaging in that business, for a period of 12 years, followed the callings of carpenter and building contractor. He is therefore familiar with the value of real estate, the construction of houses, and the cost of building. He is well acquainted with the particular property involved in this case, and, at one time, resided in its neighborhood. The bulk of his real estate business is done in the section of the city in which the property is located. Prior to testifying, he made a thorough personal examination of the property, giving the details thereof in his testimony. He valued the lot at $4,592 and the improvements at $4,000.

In these circumstances, we are not in a position to hold that the verdict of the jury was grossly excessive. After all, the entire question is very much a matter of opinion, and we are not at all sure that we could fix the value of the property with any greater degree of certainty than has been expressed by the verdict of the jury.

For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.

ST. PAUL, J., dissents.