(120 So. 587)

No. 29702.

## CITY OF NEW ORLEANS v. SALVATORE et ux.

Feb. 11, 1929.

Bertrand I. Cahn, City Atty., and James Wilkinson, Associate Counsel, both of New Orleans, for appellant.

Spearing & Mabry, of New Orleans, for appellees.

LAND, J. This is an expropriation suit in which the city of New Orleans is seeking to acquire lot 9 in square 136 as a part of the property needed as a site for a public auditorium, which is to be erected upon squares 135 and 136.

The jury returned a verdict for defendants, fixing the market value of the property sought to be taken at $14,500, and from the judgment approving this verdict the city has appealed.

Defendants have answered the appeal, and pray that the judgment be amended by increasing the amount awarded to $18,000.

An attempt was made in the trial court to show that during the last fifteen years improvements had been neglected and values had depreciated in the section of the city in which defendants' property is situated.

This contention is without merit in so far as the property of defendants is concerned.

The record shows that in the year 1911 Guisseppi Calamari, the immediate author in title of defendants, purchased lot 9 in square 136, with the buildings and improvements thereon, for the sum of $2,500. The only change Calamari made in the premises was to convert a one-story building with brick sides into a two-story building with a tar and gravel roof. This building fronts on St.

Claude street, and extends with its left wall along Orleans street. At the date of Calamari's purchase neither of these streets was paved. In April, 1923, Calamari sold this property to defendants for $8,800 cash.

Since the date of the purchase by defendants, nearly six years ago, they have improved the property by placing a new roof on the two-story building with brick sides, fronting on St. Claude street; the walls of this building have been plastered and painted; windows and doors have been changed in the brick side walls; a frame structure has been added in the rear for bathrooms for both stories; a portion of the rear has been inclosed to form a hall; a galvanized iron roof from the building to the outside edge of the banquette on both St. Claude and Orleans streets has been added; and a galvanized iron garage has been erected between the two buildings.

The attempt of the city's expert to limit the cost of these improvements to $2,183 has signally failed in the case. Mrs. Salvatore estimated these improvements at a cost varying from $4,700 to $5,000. Mr. Ernest R. Bartholemew, one of defendant's experts, made a minute inspection of the property, and testified that the condition of the buildings showed the improvements claimed by defendants had been made in recent years, and valued the same at $4,600.

The cost of the Salvatore property, with improvements added, is estimated by Mr. Spear, a real estate expert, in the neighborhood of $14,000 or $15,000.

Mr. Norman F. De Reyna, a real estate expert, considered the property worth $18,572, basing his estimate upon Rampart street values, and upon the fact that defendants' property is one square from that street, a main artery of the city.

The fact that defendants did not keep itemized bills of cost of labor and materials is unimportant, as the improvements were there to speak for themselves, and were identified as made in recent years by witnesses, and, unquestionably, were noted by the jury during its inspection of the premises.

The improvements on defendants' property consist of one two-story building with side walls of brick, fronting on St. Claude street, and one two-story frame building, fronting on Orleans street.

The two-story building with side walls of brick contains eight rooms. On the first floor is a grocery extending nearly the entire length of the building on Orleans street. A parlor, a dining room and kitchen combined, and an inclosed hall in the rear complete this floor. On the second floor are six rooms besides a storage room. Bathrooms and toilets are on both floors. Around the front and side of the building there is an upstairs covered balcony, and beneath the balcony and near the top of the first story is a galvanized iron roof extending over the banquette.

The other two-story building fronts on Orleans street, and contains three bedrooms on each floor, or six bedrooms, and two toilets.

Across the front of this building is an upstairs covered balcony. In front of the building, and between the two buildings, the courtyard is paved. In the rear of the two-story with brick sides, and between it and the two-story frame building, is a galvanized iron garage.

All improvements are in good repair.

The improvements on the Solomon property at the corner of St. Claude and St. Anne streets consist of a one-story double cottage, and are not in good condition. The floor joists have given away in places, and the papering hangs from the wall.

The city offered the defendants only $9,500 for their property, fronting 34 feet on St. Claude, a paved street, with a depth of 100 feet on Orleans, also a paved street, which has a large neutral ground covered with grass and trees.

At the same time the city paid without suit

$10,500 for the Solomon lot of the same dimensions, with only a one-story double cottage on it, located at the corner of St. Claude and St. Anne streets, the latter an unpaved street. Only two lots intervene between defendants' corner and the Solomon lot, for which the higher price was paid.

The jury heard the witnesses, expert and otherwise, as to the market value of the property to be expropriated. Necessarily the jury passed upon the credibility of the witnesses, and determined the weight that should be attached to the testimony of each.

In addition to this, the jury inspected the property of defendants and other properties located in squares 135 and 136, which have been selected by the city as the site for the auditorium. In suits of this character, jurors are regarded to some extent as experts, and their verdict will not be disturbed, unless it clearly appears that it is either excessive or inadequate. Texas Pacific-Missouri Pacific, etc., v. Strauss, 162 La. 553, 110 So. 753.

After hearing the evidence and inspecting the properties, the jury found that defendants' property was worth $4,000 more than the Solomon corner lot.

This finding may be justified, in our opinion, not only because of the greater value and better condition of the improvements on defendants' lot, but also because of its more desirable location.

Values as high as $18,572 and $20,000 were placed by some of the witnesses on defendants' property. The verdict returned is unanimous, and is well within the higher estimates as to value of the property in question.

Besides, a part of the first floor of the two-story building fronting on St. Claude street is occupied as a home by defendants, and a part is used by them for a grocery which they own and operate.

As the judgment appealed from awards defendants adequate compensation for the property expropriated, we decline to amend it and increase the amount.

Judgment affirmed.

THOMPSON, J., takes no part.