**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Elmer TREADWAY et al., Appellees.**

Court of Appeals of Kentucky.

May 5, 1961.

Jo M. Ferguson, Atty. Gen., F. D. Curry, Chief Asst. Atty. Gen., James J. Shannon, Jr., Department of Highways, Frankfort, for appellant.

Carlos B. Pope, Barbourville, for appellees.

MOREMEN, Judge.

The Commonwealth instituted proceedings in the Knox County Court to condemn a portion of property belonging to appellees, Elmer and May Treadway, in connection with the construction of U. S. Highway 25–E between Barbourville and Corbin. Three commissioners appraised the value of the land proposed to be condemned at the sum of $8,841. Appellees filed exceptions to the commissioners' report, but it was confirmed by the county court. An appeal was taken to the Knox Circuit Court where a jury awarded appellees the sum of $5,000 as the value of the land taken, and $10,000 as damages to the remaining property of appellees.

On this appeal appellant contends: (1) The amount of damages awarded by the jury is not supported by sufficient evidence; (2) the amount is so excessive that it appears to have been given under the influence of passion or prejudice; (3) incompetent and irrelevant evidence was admitted.

The property sought to be condemned consists of two tracts of farm land of a total of about 132 acres on which is situated a small rock house, a well and two springs. The proposed highway extends 4,487 feet through the property. It appears to be a cut and fill operation with some of the fills running from 25 to 50 feet. The total acreage condemned is 22.10 acres for a permanent right-of-way and .06 of an acre for a temporary easement.

The court directed the jury to state separately in its verdict the amount awarded for the land taken and the damages awarded for the remainder of the tract, if any. The jury returned this verdict:

"We the jury find. for the defendants as follows: $5,000.00 for land and improvements taken, and $10,000.00 for damages to the remainder. Total award: $15,000.00."

According to the proof (we have taken the figures from appellees' brief) the total value of the land and improvements taken was as follows:

## "Land Taken

| | | |
|---|---|---|
| 1. Three (3) acres @ $600.00 per acre | $ 1,800.00 | |
| 2. Two (2) acres at barn (building lot) | 3,000.00 | |
| 3. One (1) acre at junction U. S. 25–E & Ky. 229 | 1,000.00 | |
| 4. Nine (9) acres through bottom @ $300 per acre | 2,700.00 | |
| 5. One (1) acre on north side U. S. 25–E (garden) | 600.00 | |
| 6. Six and one tenth (6.1) through woodland and flatland @ $200 per acre | 1,220.00 | |
| Total value of land taken | $10,320.00 | $10,320.00 |

### Improvements Taken

| | | |
|---|---|---|
| 1. One five (5) room house 27' x 32' with a 15' x 15' stone basement | $ 1,280.00 | |
| 2. One (1) water well on building site 80" deep | 300.00 | |
| 3. Two (2) all weather springs @ $300 each | 600.00 | |
| Total value of improvements taken | $ 2,180.00 | 2,180.00 |
| | | $12,500.00" |

Thus, it may be seen that although it was possible under the evidence for the jury to return a verdict for land and improvements taken in the sum of $12,500, it returned a verdict for the sum of only $5,000. The verdict for damages to the remainder of the property in the sum of $10,000 is the portion which appellant argues is not supported by sufficient evidence—and we agree because the highest amount shown is as follows:

## "Fencing Necessary as Result of Taking

| | | |
|---|---|---|
| 1. Fencing 248 rods on North side @ $4.00 per rod | $ 992.00 | |
| 2. Fencing 219 rods on South side @ $4.00 per rod | 876.00 | |
| | $1,868.00 | |
| Total Fencing | | $1,868.00 |

### Damages to Remainder

| | | |
|---|---|---|
| 1. Damage to 2 acres above barn, no access ($500.00 per acre) | 1,000.00 | |
| 2. Damage to barn. The barn and above tract are left high on 26' cut with no approach | 1,140.00 | |
| 3. Damage to 27 acres through bottom on both sides of proposed highway with 27' fill ($75.00 per acre) | 2,025.00 | |
| 4. Damage to 14 acres on west through flat woodland left without approach or possible access @ $100.00 per acre | 1,400.00 | |
| | $5,565.00 | |
| Total Damages to Remainder | | $5,565.00 |
| | | $7,433.00" |

Thus, it may be seen that the total figure proved as resulting damages amounted to $7,433 for which the jury returned a verdict of $10,000. It would be idle for us to speculate as to whether the jury in writing the verdict erroneously reversed the amounts. We have held that such matters are not trivial. In Greenup County v. Redmond, Ky., 335 S.W.2d 335, 338, it was said:

"In awarding $3,700 for incidental damages exclusive of the cost of fencing and the cost of the proposed underpass the verdict exceeded the amount pleaded, which was $2,000. In awarding $5,000 for an underpass it included an item not authorized by the instructions. We can not say that these were mere irregularities of form on the theory that the amounts were within the $17,000 pleaded as damages to the remainder area."

 It will be necessary for us to reverse this case on that rather narrow ground.

Since on return to the circuit court, this cause will require a new trial, we believe it necessary to comment briefly on the other two contentions made by appellant.

It is argued in very general terms that the verdict seemed to be given under the influence of passion or prejudice. After an examination of the testimony we cannot form that belief. It was shown that the proposed road with its cuts and fills will change the topography of this land and render some of it rather inaccessible. The jury's award did not exceed the amount placed upon the land by several witnesses and, in fact, it was well under the amount claimed by appellees. We are unable to say that the total award which the jury undertook to give was stimulated by passion or prejudice.

Finally appellant claims that incompetent and irrelevant evidence was admitted. No objection was made to the introduction of this evidence at the trial and properly so because it was competent. Appellant's objection is directed to the fact that appellees broke the tracts down into various smaller tracts and gave values as to each tract. This was proper because different types of ground are involved. The overall value of the property before and after the taking was given. The itemized statements were given merely in support of the general question. We direct attention, however, to Commonwealth, Department of Highways v. Stamper, Ky., 345 S.W.2d 640.

The judgment is reversed with directions that a new trial be granted.