Robert PIERSON et al., Appellants,

v.

COMMONWEALTH of Kentucky, Department of Highways, Appellees.

Court of Appeals of Kentucky.

Oct. 13, 1961.

Weldon Shouse, Shouse, Barker & Coplin, Lexington, for appellants.

John B. Breckinridge, Atty. Gen., Paul E. Hunley, Dept. of Highways, Frankfort, for appellees.

PALMORE, Judge.

In this condemnation proceeding the Commonwealth has acquired for highway purposes a strip of land embracing .31 acres along the Harrodsburg Pike near Lexington. The owners appeal from a judgment entered on a verdict awarding them $1,600

for the land taken and $6,150 for damages to the remainder of the tract.

 The principal objection, on which we have concluded that the judgment must be reversed, is that the $1,600 awarded for the .31 acres taken is grossly inadequate and in disregard of the evidence.

The strip of ground in question, which came off the front of a 10.7-acre estate purchased by the appellants from Hal Price Headley in 1958 for $126,500, embraced 28 trees and 650 feet of stone fence. The state used but one valuation witness. Beginning with an appraisal of $126,000 for the entire property, he assigned 40% of that value to the land, 10% to the 2,930 feet of stone fence around it, and 15% to its 330 trees. From these figures he computed the value of the .31 acres taken as follows:

| Land | .31 acres @ $4900 | $1519 |
|------|-------------------|-------|
| Fencing | 650 feet @ $4.30 | 2795 |
| Trees | 28 @ $57.30 | 1605 |
| | Total | $5919 |

This witness did not feel that there was any damage to the value of the remainder except in that it would be necessary for the owners to repair the jagged ends where the stone fence had been cut off, and for this he allowed an additional $500.

The values given by the owners ranged from $25,500 to $28,200 for the .31 acres, including trees and fence, and $14,000 to $22,500 for damage to the remainder of the tract. Thus it is clear that the $6,150 awarded by the jury for remainder damage, though greatly in excess of the appraisal of the state witness, was well within the range of the appellants' figures, whereas the $1,600 awarded for the .31 acres was not within the limits of any of the evidence on either side.

The instructions given by the court, without objection, followed the form prescribed in Commonwealth v. Combs, 1932, 244 Ky. 204, 50 S.W.2d 497, 500 (Stanley's Instruc-

tions, § 360). They told the jury to award "the fair and reasonable cash value of the .31 acres of land taken * * * considering it in relation to the entire tract of which it was a part, and also such other direct damage, if any, as * * * directly resulted to the remainder of the tract by reason of the situation in which it was placed by the taking of such fraction of the tract," and to state separately "the amount awarded for the land taken from the damage awarded for the remainder of the tract, if any."

The verdict of the jury appears on its face to have been faithfully responsive to these instructions. It reads as follows:

"We the jury, find from the evidence that the fair and reasonable cash value of the .31 acres taken from Robert Pierson, et al., was and is the sum of $1600.00. We further find as damage to the remainder of the tract, the sum of $6,150.00. Our total verdict, therefore, is the sum of $7,750.00. Edwin C. Gilson, Foreman."

However strongly we may be inclined to suspect that the jury was misled by the manner in which the valuations given in the testimony were broken down as to ground, trees and fence, and intended to assess $1,600 for the bare ground and $6,150 for the trees, fence, and residual damage, such a conclusion would rest on speculation and conjecture. Both the instructions and the verdict spoke in terms of "the remainder of the tract." (Emphasis added). Surely we must presume that the jurors understood the plain fact that the trees and fence located in the area taken were not part of the "remainder of the tract."

Since it cannot be said that the jury misunderstood or misapplied the instructions, it follows that the verdict was not supported by the evidence, in that the $1,600 awarded for the .31 acres was $4,919 under the lowest appraisal.

■ The legal criteria for determining whether an award in a condemnation proceeding is inadequate or excessive are similar to those that govern in common law actions. Where the amount is within the range of conflicting testimony, and thus has tangible evidentiary support, it will be sustained unless it is palpably inadequate or excessive. Nichols on Eminent Domain, Vol. 5, § 17.3. In such cases it is said that the jury's assessment of damages will not be set aside if it is "supported by substantial evidence." Bailey v. Harlan County, 1939, 280 Ky. 247, 133 S.W.2d 58, 60; Lexington & E. Ry. Co. v. Sumner, 1922, 196 Ky. 788, 245 S.W. 849, 850. But if it is not within the extreme limits of the valuation testimony and there is no other evidence from which it could reasonably be deduced it simply has no support at all, and, under the fundamental rules applicable to verdicts in any case, is generally set aside. Nichols, § 17.1.

It has been held in some jurisdictions that the jurors themselves are quasi-experts (especially if they have viewed the premises, as they did in this case), hence their verdict may to a reasonable degree be supported independently of the evidence. Cf. Texas Pacific-Missouri Pacific Terminal R. R. v. Strauss, 1926, 162 La. 553, 110 So. 753. In others, it has been held that the jury has no right to disregard the testimony of the witnesses and base a verdict on its view of the premises. Cf. City of Rockford v. Mower, 1913, 259 Ill. 604, 102 N.E. 1032, 1036; City of Chicago v. Callender, 1947, 396 Ill. 371, 71 N.E.2d 643, 648. Though a view of the property lends much weight to the jury's verdict, surely it would be folly to support it on that basis alone. Yet that is precisely what we should have to do in this case in order to affirm the judgment. We conclude that the safer and fairer practice is to keep the verdict within the reach of the record, in order that there may be a reasonable and effective review. See City of Grand Rapids v. Perkins, 1889,

78 Mich. 93, 43 N.W. 1037. Therefore, the verdict must be set aside.

■ Where the amount of one or more of the items of damage awarded in a condemnation case is demonstrably erroneous it is not legitimated by the fact that the overall amount of the award is within the range of the testimony. Greenup County v. Redmond, Ky.1960, 335 S.W.2d 335, 338; Commonwealth v. Treadway, Ky.1961, 346 S. W.2d 296.

■ Two other questions require clarification for purposes of the retrial of this case:

(1) Appellants took the position that it would be necessary to reconstruct the stone wall across the front of their property, and they sought to prove what it would cost to do so. The circuit court correctly excluded this evidence because it would tend to a duplication of the same item of damages. Commonwealth v. Blanton, Ky.1961, 352 S.W.2d 545 (in which Commonwealth v. Conatser, Ky.1959, 329 S.W.2d 48, is distinguished); Greenup County v. Redmond, Ky.1960, 335 S.W.2d 335; Commonwealth v. Rankin, Ky.1960, 346 S.W.2d 714; Smick v. Commonwealth, Ky.1954, 268 S.W.2d 424.

(2) In addition to the permanent taking of .31 acres the state condemned in this action a temporary easement over a .23-acre strip, for which item the county court awarded $1,089 in accordance with the report of commissioners. Appellants say the state took no exception to that item in its appeal to the circuit court and that they are entitled to a judgment for it. We think, however, that the easement, being an interest in land, was embraced within the state's exception "to the award * * * for land taken. * * *" An objection to the court's failure to cover it in the instructions would have been well taken.

The judgment is reversed and the cause remanded for a new trial on all questions of damages.