**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Maude PRUITT, Widow, et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 20, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, James H. Lucas, Bowling Green, for appellant.

Aaron F. Overfelt, Bowling Green, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment in a condemnation suit awarding members of the Pruitt family $7,000 damages arising out of the taking of a small portion of two adjoining tracts of land for highway purposes. The case was tried before the decision in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844, so the verdict made separate awards for taking damages and for resulting damages. The appellant maintains that the separate awards, and the total, are in excess of the top limits of the valuation testimony. We agree.

On one of the two tracts there is a dwelling, and on the other a grocery store. As to the dwelling tract the jury awarded $500 for land taken and $2000 for resulting damages. As to the store tract the awards were $250 for land taken and $4,250 for resulting damages.

There was one valuation witness for the Commonwealth. As to the dwelling tract he estimated $268 taking damage and $775 resulting damage. As to the store tract he estimated $220 taking damage and no resulting damage.

Two valuation witnesses testified for the landowners. Neither one would undertake

to separate taking damages from resulting damages; they restricted their estimates to gross before and after values. One said that the difference in value on the dwelling tract was $4,600, and on the store tract $2,000. The other said the difference on the dwelling tract was $3,000, and on the store tract it was $1,000 per parking space for whatever number of parking spaces would be eliminated by reason of changes in the entranceways to the store parking area necessitated by the new form of the highway.

 Because a new trial will be governed by the Sherrod rule (abolishing the separation of taking and resulting damages) we pass over the point that the testimony of the landowners' witnesses, giving only before and after values, could not authorize the jury to make its own guess as to how much of the difference in value should be apportioned to taking damage and how much to resulting damage. Cf. Pierson v. Commonwealth, Department of Highways, Ky., 350 S.W.2d 487. Even if the jury validly could make such an apportionment the award for the store tract is excessive.

One of the landowner's witnesses (Miller) estimated the total damage on the store property to be $2,000. He based that on $1,000 each for two lost parking spaces. The other witness (DeVasier) said that the damage would be $1,000 for each lost parking space but he did not know how many spaces would be lost. The appellees claim that the testimony of one of the landowners (who did not give any valuation estimates) shows that as many as eight parking spaces might be lost. We have read his testimony and it does not have sufficient probative force to warrant a finding that more than two spaces would be lost. The detailed maps and drawings in the record show at the most a loss of two spaces. So an estimate of $2,000 damage to the store tract is the most that even a liberal view could accredit to the witness DeVasier.

The jury's award of $4,250 resulting damage and $250 taking damage to the store tract exceeds by $2,500 the highest estimate of damage. The total award of $7,000 for both tracts also exceeds the highest estimate, $6,600, of total damage. The judgment therefore must be reversed on the ground that it is not supported by the evidence. See Pierson v. Commonwealth, Department of Highways, Ky., 350 S.W.2d 487.

The judgment is reversed with directions for a new trial.