**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Roscoe TERRY et al., Appellees.**

Court of Appeals of Kentucky.

March 5, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Reed D. Anderson, Atty., Madisonville, for appellant.

Henry Spencer, Moss Noble, Jackson, for appellees.

MILLIKEN, Judge.

The appellees owned a three-year old, insulated, five-room frame home with a forced air coal furnace and up-to-date plumbing and wiring, situated beautifully on about an acre and a half of farm land which was taken by the State for the construction of the Mountain Parkway Extension, near Jackson in Breathitt County. A little over eight acres of the farm were left. The jury gave its verdict in the following form and judgment for the total amount was entered accordingly:

"Value of the 1.41 acres

| | |
|---|---|
| condemned | $ 4,000.00 |
| Damages to the remainder | 12,000.00 |
| Our total award therefor is | 16,000.00" |

Although it is not relevant as evidence, it is interesting to note that an identical total award had been made by the county court which the State appealed to the Circuit Court.

The Department of Highways complains on this appeal that "there is no evidence whatsoever that will support the $12,000 awarded by the jury in its verdict as damages to the remainder." Whatever the form of the verdict, it is apparent to us that a substantial allowance had to be made for the taking of the home or house itself and there is credible testimony that the value of the house alone was $13,000 to $14,000. Loss of the home necessarily must be reflected in the allowance for remainder damage, for it is reflected nowhere else. It is implicit, of course, that the Department contends that the total award was excessive, but we do not find it so on the basis of this record and the briefs tendered to support counsels' contentions. According

to the owners their best farm land was taken and according to one of their witnesses the beautiful location of the home on the land was a factor he considered in his appraisal of the market value before the taking. This case was tried before Commonwealth, Department of Highways v. Sherrod (1963), Ky., 367 S.W.2d 844.

We are not unmindful of our decisions holding that a proper aggregate verdict cannot stand if an item in the verdict is beyond the evidence on the item (Pierson v. Commonwealth, Department of Highways, Ky., 350 S.W.2d 487, and Commonwealth, Department of Highways v. Cardinal Hill Nursery, Inc., Ky., 380 S.W.2d 249, 253), but the way in which this case was tried and the instructions given impel us to conclude that the principle of the aforesaid decisions is not applicable here.

We are not persuaded that the amount allowed was excessive so the judgment is affirmed.