**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Claude BURDEN et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Dandridge F. Walton, Madisonville, L. A. Faurest, Faurest & Collier, Elizabethtown, for appellant.

Clarence Bartlett, Woodward, Bartlett & McCarroll, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellees.

CLAY, Commissioner.

In this condemnation suit the jury awarded the landowners $12,500 for approximately 15 acres of land taken (which landlocked an additional five acres). The Commonwealth claims excessiveness in the light of the evidence.

This was farmland with improvements on it. Some of the land had been cleared but most was timberland. Certain improvements were taken, consisting of a barn, a crib and a shed.

Though the apparent best use of the land was for farming purposes, the defendants claimed it had valuable coal deposits. There was some evidence that there was strippable coal of commercial value, although there was very substantial evidence to the contrary. The property at one time had been mined but no mining operations had been conducted for over 15 years. It is apparent the same property could not have substantial value as both farmland and coal land

because it could not simultaneously be used for farming purposes and strip mining purposes. See Commonwealth, Dept. of Hys. v. Gearhart, Ky., 383 S.W.2d 922. Yet it was a duplication of these uses which led to one of the landowner's estimates of values. No comparable sales supported his estimate. He was the only witness for the defendants who testified as to land values.

■ Principally to rebut the claim that the property had value by reason of the underlying coal, the Commonwealth sought to introduce in evidence the price defendants had paid for it when they bought it 15 years before ($1,100). It is claimed the trial court improperly rejected this evidence, but we do not agree. Since it was so remote in time and the property had been substantially improved since its purchase, this evidence would have little relevance to present market value. If it had been introduced, it would have been necessary for the court to admonish the jury about its relevancy with respect to the coal, and it had no substantial materiality on this issue. (It was otherwise shown that the former owner had abandoned coal production on the land.)

The jury's verdict was in the following form:

| | |
|---|---|
| Improvements | $ 9,000 |
| Damages | 1,000 |
| Land | 2,500 |
| TOTAL | $12,000 |

■ The Commonwealth contends there was no evidence to support the $9,000 allowed for the improvements. These consisted of a barn, a crib and a shed, which the landowner himself valued in toto at $5,850. Other witnesses valued the barn as high as $6,500, but at least one of them substantially overestimated the dimensions of the barn. Taking the highest estimate of the landowners' witnesses, the total value of the improvements was $7,350. While it may be said that the verdict's additional allowance of $1,650 on this item is not an enormous amount, it is a clear indication the

jury was not basing its verdict on the evidence. See Pierson v. Commonwealth, Ky., 350 S.W.2d 487; Commonwealth, Dept. of Hys. v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249.

On the whole case we are of the opinion that the evidence as to land values and improvement values does not support the verdict, which was excessive.

The judgment is reversed, with directions to grant a new trial.