## FLETCHER'S HEIRS v. CHARLES McMICKEN.

No lesion can be predicated of a mere adventure, where there was no deceit, and the parties were equally apprised of the state of facts .

APPEAL from the District Court of East Baton Rouge, *Burk*, J. J. M. Brunot, for *Charles McMicken*, curator *ad hoc :*

*F. Perin*, for appellees. No case has heretofore been presented to the court where they felt authorized from the facts, to order the recision of the sale on this ground. And yet, in all the cases reported, the right has been clearly recognized. The testimony stands uncontradicted to prove : 1st. That the title of the *Fletchers* to the plantation, was complete and perfect, and that they had possession under that title. Where a judgment has not been reversed or annulled, it must have its full force and effect. 16 L. R. 442. *Patterson* v. *Bonner et al*. 14 L. R. 233. 2d. That the value of it under that title, was at least $41,250. 3d. That the defendant never gave one dollar more than $10,100, knowing the necessity of the sellers to make a sacrifice of their property.

The letters and the implied confessions of the defendant; the deed of sale and testimony of *Mr. Elam* and others, amply establish these facts; and so did the jury and court consider them.

Here is then a clear and indisputable case of lesion beyond moiety, and comes within the provision of the code. Arts. 1854, 2567. "Lesion is the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy for this injury is founded on its being the effect of implied error or imposition; for in every commutative contract, equivalents are supposed to be given and received."

C. C. 1855, 2d clause. "In sales of immovable property, the vendor may be relieved, if the price given is less than one-half the thing sold, &c."

For the rules of ascertaining whether there is lesion, see C. C. 1864, 2567, &c.

If this case is to be governed by the principles laid down in *Copley* v. *Flint et al*. (16 L. R. 387, and 1 R. R. 128) and *Reviere* v. *Bossiere*, (5 L. R. 382,) it is conceived that the court will entertain no doubt as to the legality, propriety and justice of affirming the judgment of the lower court. *Beale* v. *Ricker*, decided Feb. 23d, 1852.

In addition to the code and the decisions of the court, on the subject of lesions, I refer to the following: Lahaye, Code Civil Annoté, p. 743, art. C. N. 1674, Duranton T. 16, No. 435.

"If the purchaser has purchased with a stipulation of no warranty, or if he expressly purchased at his own risk, he may be relieved."

In this case there is a title in complete form, "with an express clause of all lawful warranties." Same p. Troplong, N. 796. "It will not destroy the rights of the vendor of the property, it a greater sum is inserted in the deed than is paid by the purchaser."

If, therefore, there had been forty deeds, expressing a fictitious consideration of millions, the case would be governed by the actual amount paid.

Same, Duvergier, No. 85. "The price paid by the purchaser, and the true value of the immovable, are the two terms of comparison in ascertaining the fact of lesion."

Same, p. 744, under C. N, 1675, Domat, No. 3. "As there is always more or less value attached to things, the estimate of the true value, to ascertain whether there is lesion, should be made at the highest price, at which the thing has been justly appraised, at the time of sale, because this price is just, and the injured vendor should be favored." 1 Domat, p. 228, 3d ed. 1850. See No. 5, on p. 229.

The highest price fixed by *McMicken* himself, is $70,000. See rule in Domat, p. 933, part 5. ed. 1850—"not granted easily."

*F. G.* and *P. H. Morgan*, for appellant. By the court:

EUSTIS, C. J. This appeal is taken by *Charles McMicken*, from a judgment of the Court of the Sixth District, by which the plaintiffs recovered three-fourths'

interest in a tract of land, situated on the east bank of the river Mississippi, in the parish of East Baton Rouge. The judgment gave the defendant the right to retain the property on paying an additional price, and directed the sum paid by him, to be refunded in the event of his not electing to keep the property. The recovery was based upon lesion, in the purchase of the plantation from the agent of the plaintiffs', by the defendant.

On this appeal, the only question presented, is that of lesion. It is not necessary to notice the complication in which this matter is involved, the parties themselves having no interest in it.

On the 19th of October, 1848, the plaintiffs, some of whom reside in Mexico, and others in Spain, by their agents, *Otham L. Dabestein* and *Bernard Turpin*, in the city of New Orleans, sold to the defendant, *Charles McMicken*, for $10,100, their three-fourths' interest in the property, also their right, title and interest in a suit, in the Circuit of the United States for this district, against the heirs of *John Davenport*. Drafts were given for the price, which were duly paid.

The jury found the cash value of the property at the time of the sale, to be forty-one thousand two hundred and fifty dollars, thus establishing the lesion in the purchase, to be far beyond moiety. The property in dispute is known as the *Davenport* plantation, memorable in the annals of litigation, and the plaintiffs were adjudged to be the proprietors of three undivided fourths of it, as far back as August, 1832. 4th L. R. 275. A reservation was made in the judgment, which prevented any execution from being had of the judgment, until payment should be made for the improvements, &c. *Fletcher's heirs* v. *Cuvelier*, 10 L. R. 119.

It appears that on the 25th of June, 1848, previous to the sale to the defendant, the plaintiffs had recovered judgment against the heirs of *Davenport*, in the suit in the United States Court, for their three undivided fourths of the land, and that possession was delivered under said judgment, to the agents of the plaintiffs.

The charge against the defendant of taking advantage of the necessitous circumstances, and of the ignorance of the plaintiffs, and of imposing on them, is without the shadow of evidence. It is clear, that the agents of the plaintiffs, who sold the land, knew its value as well, if not better, than the purchaser, and no reason whatever is assigned for their sale to the defendant. They sold to him, because they found it for their advantage, and could get a better price than from any body else.

We have recently given our views relating to the proof required to establish lesion, in order to avoid a sale. See the case of *Ricker et al* v. *Beale*, *ante*.

It is plain, that the value of an undivided interest in an estate, the title to which is drawn in question, is very difficult to be appreciated. In the present case, we deem it sufficient to state, that the lesion is not proved. That the defendant thought he had made a good bargain, and asked a large price for it, proves nothing. What did he make the purchase for except to make money? *McMicken* made a speculation, the result of which remains yet to be ascertained, and the defendants sold, because their agents thought they got a good price. No lesion can be predicated of a mere advantage, where there was no deceit, and the parties are equally apprised of the state of facts.

It is plain, that *McMicken* having bought from the plaintiffs their rights in the suit in the United States Court, the validity of his title is dependent on the ultimate judgment in that suit, in which, even at this day, an appeal may be taken, by writ of error, by the heirs of *Davenport*.

*Margin:* FLETCHER'S HEIRS *v.* McMICKEN.

The judgment of the district court is therefore reversed, and judgment rendered for the appellee, *Charles McMicken*, on the plaintiffs' claim on intervention, with costs in both courts, without prejudice to the rights of the plaintiffs to set aside the sale on other grounds.