LAND, J.
This is an expropriation suit to obtain a right of way of 80 feet in width for *507 plaintiff’s main line, with an additional 40 feet in width for a switch, through a tract of land situated within the limits of the town of Rayne, parish of Acadia. The proposed right of way contains 241 acres, and the switch 23/100 of an acre. The jury found a verdict for the plaintiff as. prayed for, and awarded to the defendant $300 for every acre taken. “No further damages allowed,” says the verdict. There was judgment pursuant to the verdict, adjudging the land sued for to the plaintiff on the payment into court of the sum of $804, and condemning the plaintiff to pay all the legal costs of the suit. Defendant has appealed.
In this court the defendant and appellant prays that the judgment be amended by allowing him $500 per acre for the land condemned and expropriated, and that the quantity be reduced from 80 feet to 50 feet in width; no more being actually necessary for a railroad right of way through the property.
Defendant’s tract of land, consisting of about 35 acres, situated within the corporate limits of the town of Rayne, had never been used for other than agricultural purposes prior to the institution of the present suit. There is unusual harmony among the witnesses as to the market value of this property, considered as a farm or truck garden. Their concurrent opinion is that the tract was worth from $200 to $250 per acre. The plaintiff company had purchased the right of way through an adjoining tract at the rate of $200 per, acre. Defendant’s tract, being nearer the business portion of the town, was worth more. Prior to the advent of the railroad the defendant had taken no steps to subdivide the property into town lots, although, doubtless, he considered it valuable at some future time for that purpose.
A. S. Ohappuis, a large real estate owner, considered that the land was worth $300 per acre as a “town lot proposition,” but, if subdivided, it might be worth from $40 to $100 per lot. John Taylor, real estate owner, considered the tract as a whole to be worth $250 per acre, or from $25 to $50 more per acre than the land adjoining, through which the company had purchased a right of way at the rate of $200 per acre. On cross-examination, this witness stated that his valuation was based on agricultural or speculative purposes, considering the tract as a whole. E. Daboval, Jr., another real estate owner, testified that as an investment, the whole tract being sold in block, the property was worth about $200 per acre. On cross-examination this witness stated that the tract, if subdivided, would be worth about $50 per lot, but as it stood he would not pay more than $250 per acre as an .investment for any purpose. O. Broussard, mayor of the town, banker, and merchant, acquainted with real estate values in his town, estimated the value of defendant’s property at about $250 per acre for any purpose, but admitted that the tract would be worth something more if subdivided into lots and- the streets graded at a considerable expense to the owner. Dr. J. P. Maboules estimated the value of the whole tract at not over $200 per acre for farming or trucking purposes, but expressed the opinion that, if the tract were properly subdivided and laid out, the lots west of the proposed railroad right of way would be worth on the average $60 each, and the lots east from $20 to $30 each. Dr. J. P. Hunter, who owns no real estate, but considers himself familiar with real estate to'some extent, says that the whole tract is worth $200 per acre for any and all purposes. Howard Hoffpanir, real estate owner and notary, said that the tract in its condition at the date of the trial was worth from $200 to $250 per acre for any use or purpose. This witness further said that in time to come the tract might have a special value for “town lots,” and might be worth something more if subdivided into lots. J. P. Maboules, Sr., owner of unimproved lots in the town, testified *509 that the whole tract was worth, for the purposes of speculation, from $300 to $350 per acre, hut less as farm land, and that, if subdivided, the lots would be worth $50 each on an average, or at the rate of $450 per acre. Onile Comeaux, a real estate owner, who confessed, however, that he did not know anything of real estate values, estimated the value of the tract for town lot purposes at $250 per acre, and after subdivision at from $50 to $75 per lot. Jules Perrodin, real estate owner, testified that the tract was worth $250 per acre for agricultural purposes, and from $400 to $450 per acre if' subdivided into lots. Jno. Taylor testified that after making proper deductions for streets, there would remain seven or eight standard lots for each superficial acre. The foregoing is an abstract of the testimony adduced on behalf of the plaintiff on the question of values.
Defendant testified that his tract as a truck farm was worth $300 per acre; that he was holding the property “as a town lot proposition”; that such use was speculative; and that for such a purpose the land was worth from $300 to $500 per acre. Defendant gave another estimate of $600 per acre for the tract as a whole, or $800 per acre if subdivided and sold by lots. Sidney Perrodin, mechanical engineer, stated that the tract was worth $275 per acre for agricultural purposes, or about $500 per acre if subdivided into lots. On cross-examination the same witness said that, if the railroad should not be constructed through the tract, the lots on the east side of the property would be comparatively valueless. He further said that “the railroad makes the demand for lots,” and that the building of the road through the tract would no doubt give it additional value. Theo. Perrodin, house mover, who confessed that he did not know much about real estate values, testified that some two years before the trial he offered the defendant $50 apiece for five lots, and that the latter replied that he was not ready to cut up the property. The same witness further stated that he would pay $50 for some lots, and for others more, and that to him the average price per lot would be from $50 to $60 to $70 per lot, if the property were subdivided. Droisin Migues, Jr., a carpenter, valued the property at from $250 to $275 per acre for agricultural purposes, and about $150 more for town lot purposes. Jacques Weil, who keeps a general store and admits that he does not know much of real estate values, gave several somewhat contradictory estimates as to the value of the tract as “a town lot proposition.” While he commenced by stating that the tract as a whole was worth from $250 to $300 per acre for agricultural purposes, and $60 per lot if subdivided, he ended by stating that from $250 to $300 per acre was all that he would give for the property for any purpose. Welman Bradford, civil engineer and surveyor, estimated the value of the tract as a farm at more than $200 per acre, and, if subdivided, the average value of the lots at $75, and the average value per acre at $458.
The criterion of value is the market value of the property at the date of the institution of the expropriation suit, in view of any use to which it may be applied and of all the uses to which it is adapted, exclusive of any increase in value given by the construction of plaintiff’s railway thereon. The question before the jury was, what price could have been obtained for the property as a whole by a prudent seller in the usual course of business? The market value means the fair value of the property between one who wants to purchase and one who wants to sell, under usual and ordinary circumstances. Market value does not mean speculative value. Railroad Co. v. Railroad Co., 51 La. Ann. 1616, 26 South. 278; Louisiana Ry. & Nav. Co. v. Xavier Realty Co., 115 La. 328, 39 South. 1.
At the time of the institution of this suit *511 'the tract In question had not heen subdivided, ■and the question before the jury was as to the market value as a whole, considering all the uses to which it was adapted. The value ■of the tract for “town lot” purposes was one •of the factors to be considered, but what the •owner or purchaser might realize by a subsequent subdivision of the property and sale •of lots partakes too much of the character of •speculation to serve as a basis of valuation at the date of the institution of the present •suit. Considered as a “town lot proposition,” the finding of the jury is sustained by a preponderance of the evidence, and the opinion of the jury of freeholders is in itself entitled to great weight.
The necessity for the taking of a right of way 80 feet in width is sustained by the preponderance of the expert evidence and the verdict of the jury.
In cases of this kind the verdict of a jury of freeholders of the vicinage should not be disturbed, unless manifestly erroneous.
Judgment affirmed.