HIGGINS, Justice.
 

 The Louisiana Highway Commission instituted an expropriation proceeding against the owners of a tract of land with improvements thereon, located in the Parish of East Baton Rouge. The right of the plaintiff to take the land for a highway which approached the Mississippi River bridge was not contested but the defendants demanded $17,500 for the property, which sum the plaintiff refused to pay. A jury of freeholders considered the case and rendered a verdict in favor of the plaintiff for the property upon the payment to the defendants of $12,666, representing $7,000 for the land and $5,666 for the buildings and improvements located thereon. The district judge rendered judgment in accordanee with the verdict and the plaintiff appealed.
 

 The plaintiff contends that the whole of the property was not worth more than $7,-000 and the defendants maintain that the amount awarded by the jury is fully supported by the evidence.
 

 The rule of law which guides and controls the jury in fixing the value of private property taken for public purposes in expropriation suits is that adequate compensation must be paid and the amount thereof is determined by the market value of the property at the time it is taken. Harrison et al. v. Louisiana Highway Commission et al., 191 La. 839, 186 So. 354; Louisiana Highway Commission v. Guidry, 176 La. 389, 146 So. 1; Louisville & N. R. Co. v. R. E. E. De Montluzin Co., 166 La. 211, 116 So. 854; Texas P. M. P. Terminal R. v. Elliott, 166 La. 347, 117 So. 275; Opelousas, etc., R. Co. v. Bradford, 118 La. 506, 43 So. 79; Louisiana Highway Commission v. Merchant, La.App., 174 So. 696; Louisiana Highway Commission v. Haney, La.App., 158 So. 243; Louisiana Highway Commission v. Giaccone, 19 La. App. 446, 140 So. 286; and Louisiana Highway Commission v. Boudreaux, 19 La. App. 98, 139 So. 521.
 

 After the jury of freeholders has fixed the amount of compensation for the property and judgment is accordingly entered, the issue on appeal is whether or not the amount allowed is excessive or insufficient.
 

 In the case of Texas Pacific-Missouri Pacific Terminal R. R. v. Strauss, 162 La.
 
 *627
 
 553, 555, 110 So. 753, this Court, in an expropriation proceeding, said:
 

 “ * * * In suits of this character, ju'rors are regarded, to some extent, as experts, and the verdict of a jury as to the market value of property, in such suits, will not be disturbed, unless it clearly appears that the verdict is either excessive or inadequate. Cahn v. City of Shreveport, 140 La. 158, 72 So. 909; Louisiana Ry. & Nav. Co. v. Knox, 125 La. 454, 51 So. 493; City of Shreveport v. McClure, 132 La. 468, 61 So. 530; Opelousas, Gulf & N. E. R. Co. v. St. Landry Cotton Oil Co., 121 La. 796, 46 So. 810; Baton Rouge v. Cross, 147 La. 719, 85 So. 883; New Orleans & G. R. Co. v. Frank, 39 La.Ann. 707, 2 So. 310; Texas P.-Mo. P. R. R. v. Dittmar, 161 La. 444, 108 So. 877, S.R. July 24, 1926.”
 

 See also Texas Pipe Line Co. v. National Gasoline Co. of La. Inc., 203 La. 787, 14 So.2d 636.
 

 The defendants owned a quadrangular tract of land in the Parish of East Baton Rouge, bounded on the south by an unnamed street and on the west by Bayou Sara Road. The northern and southern boundaries of it are parallel. It measures along the northern boundary 659.39 feet, its eastern boundary is 107.8 feet, its southern boundary (along the North side of the unnamed street) is 609.16 feet, and its western boundary (along the eastern side of the Bayou Sara Road) is 118.93 feet. The tract is divided into twelve lots, which are designated by the numbers 1, 2, 56, 57, 58, 59, 60, 61, 62, 63, 64 and 65, according to a map of a re-subdivision of Block No. 5 of the Monte Sano Highland Farms. Lots Nos:-l and 2 are the western end of the tract and front on the eastern side of the Bayou Sara Road. These two lots form a quadrangular plot having a front of 118.-39 feet on the eastern side of Bayou Sara Road by a depth on the north line of 159.39 feet, a depth on the south line of 109.16. feet, and a width in the rear of 107.8 feet. Each of the other lots, from 56 through 65, inclusive, has a front of 50 feet along the northern side of the unnamed street by a depth between parallel lines of 107.8 feet.
 

 On Lots 1 and 2 there were erected a joint store and filling station building and a seven room main residence. Upon the other lots facing the unnamed street there were a four room dwelling house and a three room dwelling house. On this land there were 3 pear trees, 3 Japanese persimmon trees, 2 pecan trees, 3 cape jasmines, 2 apple trees, 5 fig trees, 25 plum trees, 5 shade trees, 1 japónica tree and some shrubbery and rose bushes.
 

 The tract of land is located north of the City of Baton Rouge near the bridge over the Mississippi River. The property was purchased in 1923 for the sum of $4,500, and during that year the four room house was erected thereon at a cost of $1,250, and the three room house at a cost of $1,050, making a total expenditure of $6,-800 for the whole of the land and improvements.
 

 On September 13, 1939, the present suit was instituted after the parties litigant
 
 *629
 
 ■were unable to agree upon the proper amount of compensation to be paid for the •property.
 

 The plaintiff relied upon the, expert testimony of Messrs. Mittendorf, Doiron and Caulfield, experienced realtors. Mr. Mittendorf appraised lots 1 and 2 together at $1,610, and the other ten lots at $200 each, •or a total of $3,610 for the land. Messrs. Doiron and Caulfield appraised lots 1 and 2 at $750 each and the other ten lots at ■$250 each, or a total of $4,000. ’ Mr. Mittendorf valued the store building at $400, the main residence at $1,100, the four room house at $900 and the three room house at $600, making a total for the improvements of $3,000, or the total value for the land and improvements $6,610. Messrs. Doiron and Caulfield valued the store building at $600, the main residence at $1,500, the four room -house at $500, the three room house at $400, or a total of $3,000 for the improvements, making the total valuation for the land and improvements-$7,000.
 

 In arriving at the above figures, these witnesses did not take into consideration the fact that this property is located in an established and expanding industrial section where a great many large industries are located in close proximity to it and the fact that the property for several years had been producing a monthly rental revenue of $125. On cross-examination they admitted that if the rental figure were taken into consideration, the property would be worth between $12,500 and $14,-000.
 

 Mr. Davis, the original purchaser of the property in 1923 and one of the defendants, testified as to the value of the property as a whole, including the trees and shrubbery and fixed its value at $17,000.
 

 Mr. Parker, Justice of the Peace, stated that the value of the property as a whole, in his opinion, was $18,000.
 

 Mr. Rosenthal, a realtor of sixteen years experience, testified as an expert for the defendants, and basing his estimate upon the revenues produced from the property, its industrial location, its natural and normal enhancement in value over a period of sixteen years, the physical improvements, and by following the comparative method, appraised the whole of the property at $12,450, itemized as follows: Store building $1,500, seven room residence $2,-500, three room. house $600, four room house $850, the 10 rear lots (50x107) at $350. each or $3,500, including 50 trees and shrubbery at $500 and lots 1 and 2 at $1,500 each or $3,000.
 

 Mr. Haas, a realtor of fifteen years experience, who had charge of the real estate for the Louisiana National Bank in the City of Baton Rouge, used the same approach and method as Mr. Rosenthal, in arriving at the value of the land and improvements. He said that the Bayou Sara Road was and is the best outlet in the City of Baton Rouge, as far as commercial property is concerned; and that property south of the bridge was sold for figures comparable to those given by him. In collaboration with Mr. Rosenthal and by using the comparative method and having
 
 *631
 
 due regard for the industrial location of the lots and' the revenue derived from the property, his figures coincided with those previously stated by Mr. Rosenthal.
 

 Counsel for the plaintiff, in support of their contention that the award is manifestly excessive, stated that the jury of freeholders allowed $12,666, which is $216 more than the value placed on the property by the two experts who .testified in behalf of the defendants. In refutation of the correctness of this position, counsel for the defendants point to the fact that the plaintiff’s experts, on cross-examination, when their attention was called to the fact that the property was producing $125 per month rental, fixed the value thereof between $12,000 and $14,000, and Mr. Davis, one of the defendants, and Mr. Parker, a witness for the defendants, appraised the property at $17,000 and $18,000, respectively.
 

 The attorneys for the plaintiff argue that the rental of $125 per month should not be taken into consideration because that was a temporary condition resulting from workmen engaged in constructing the bridge occupying the buildings. The defendants’ evidence is uncontradicted. that this revenue was consistently produced by the property for several years before work on the bridge was started.
 

 Under the facts and law as above stated, it is our conclusion that it cannot be said that the award of the jury is clearly or manifestly excessive. Housing Authority of Shreveport v. Harkey, 200 La. 526, 8 So.2d 528; Housing Authority of New Orleans v. Weis et al., 195 La. 224, 196 So. 328; Housing Authority of New Orleans v. Polmer, et al., 195 La. 608, 197 So. 247; Louisiana Highway Commission v. Purpera, 187 La. 219, 174 So. 268; and City of New Orleans v. New Orleans Land Co. et al., 173 La. 71, 136 So. 91.
 

 For the reasons assigned, the judgment appealed from is affirmed at the appellant’s costs.