ELLIS, Judge.
The defendants-appellants have appealed from a judgment of the District Court rendered against them decreeing a lesion beyond moiety, in connection with the purchase by them of a certain two acres of land located in the Parish of East Baton Rouge, Louisiana. It is agreed that the sole issue presented in this case is whether the property sold by the plaintiff to the defendants was, at the time of the sale, worth or of a value of more than $900, as it is also stipulated between counsel that the defendants-appellants paid the sum of $450 for the two acres of land purchased from the plaintiff.
This suit is governed by the following articles of the LSA-Civil Code;
“Art. I860. Lesion is the injury suffered by one who does not receive a full equivalent for which he gives in a commutative contract. The remedy given for this injury, is founded on its being the effect of implied error or imposition; for, in every commutative contract, equivalents are supposed to be given and received.
“Art. 1861. The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied error or imposition, except in the two following cases:
* * * * * *
“2. In sales of immovable property, the vendor may be relieved, if the price given is less than one-half of the value of the thing sold; but the sale can not be invalidated for lesion to the injury of the purchaser.”
“Art. 1870. When lesion is alleged to invalidate a partition or sale, the party alleging it must first prove the value of the property sold, in the state in which it was at the time of the contract, * * *. He must then show how much the price given was less than such value * * *.
“Art. 1871. In all questions of lesion the value of that which was the subject of the contract at the time of making it, is the rule by which the lesion is to be ascertained. Even in the case of minors, changes in value by subsequent events are not to affect the contract.”
*625 "Art. 2589. If the vendor has been aggrieved for more than half the value of an immovable estate by him sold, he has the right to demand the rescission of the sale, even in case he had expressly abandoned the right of claiming such rescission, and declared that he gave to the purchaser the surplus of the thing’s value.”
It is well settled that in a suit to set aside a sale on the ground of lesion beyond moiety, market value is the standard for determining the value of the property, and the term “market value” means the fair value of the property between one who wants to purchase and one who wants to sell under usual and ordinary circumstances. Blaize v. Cazezu, 210 La. 176, 26 So.2d 689; Jones v. First National Bank of Ruston, 215 La. 862, 41 So.2d 811; Louisiana Highway Commission v. Davis, 204 La. 624, 16 So.2d 129; Opelousas G. & N. E. R. Co. v. Bradford, 118 La. 506, 43 So. 79; Louisville & N. R. Co. v. R. E. E. DeMontluzin Co., 166 La. 211, 116 So. 854; Texas Pacific-Missouri Pacific Terminal R. v. Elliott, 166 La. 347, 116 So. 275; Harrison v. Louisiana Highway Commission, 191 La. 839, 186 So. 354; State v. Dowling, 205 La. 1061, 18 So.2d 616; Louisiana Highway Commission v. Giaconne, 19 La.App. 446, Orleans, 140 So. 286; Louisiana Highway Commission v. Haney, La.App., 158 So. 243; Louisiana Highway Commission v. Merchant, La.App., 174 So. 696.
It is therefore necessary for the plaintiff to have proven in this case that the property in question, being a two-acre tract of land together with the residence thereon, had a value greater than $900 on the date of the sale.
It is shown that the property in question is located approximately 21 miles from the Post Office building in the City of Baton Rouge, and that the house on the property is from 20 to 30 years old, and, according to the pictures, is anything but airtight, however, there is no testimony that the roof leaks. We are governed by the testimony as to the values, and while the pictures are evidence of what the house looks like, and its present condition, it is the testimony of the witnesses in the record as to the value of this property on the date of the sale by which the Courts must be governed.
The house has three rooms, 12 feet wide by 10 feet long and also a porch, and contained approximately 550 square feet.
Testimony on behalf of the plaintiff was given by Plenry Dyer, a brother of the defendant, Cleveland Dyer, that he paid the plaintiff in 1948 $1,250 for a two-acre tract of land and a residence identical to the residence located on the land involved in this suit. The property purchased by this witness came out of the same tract as that of the defendant.
Plaintiff also offered the testimony of a Mr. Long who .owned the property adjacent to that herein involved, and he testified that he had paid the plaintiff $225 per acre for adjacent property, and that the two acres and the residence involved in this suit had a value on the date of the sale of $1,250, and that he would be willing to pay that amount in cash for the property.
The- plaintiff also testified and stated that he had not intended to sell the residence but only the two acres for $450, and that the two acres and house involved in this suit were of the same value as that sold Henry Dyer for $1,250.
Plaintiff offered the testimony of the mother of one of the defendants, Dorothy Dyer, in whose name the property was purchased, who placed a value of $100 on the house. Also, an uncle of Dorothy Dyer testified that the value of the land was $50 to $100 an acre and that the land with the residence was not worth more than $450 at most.
A Mr. Hirtzler, who testified on behalf of defendant, was of the opinion that the house and land were worth $400.
*626 The testimony of the above named witnesses for the defendant is rendered valueless by that of the defendant’s expert, Mr. Doiron. He testified in part as follows :
“ * * * The replacement cost new, using similar workmanship and similar material would be one dollar and a half per square foot, or eight hundred twenty-five dollars, for the building constructed new at today’s costs. For purposes of depreciation, I estimated the actual life of this building at twenty-five years, and I used a two per cent depreciation factor, which I am ready to admit is a low depreciation factor, and depreciated the entire unit fifty per cent, or four hundred twelve dollars fifty cents, thus leaving a value of the improvements in the condition in which they were found on yesterday valued at four hundred twelve dollars fifty cents. * * * Since the four sales referred to actually took place at the two hundred twenty-five dollars per acre for the land and despite the fact that this value far exceeds my opinion of the value of acreage in this section, twenty-one and a half miles from downtown Baton Rouge, I will still accept and testify that the value is two hundred twenty-five dollars per acre or four hundred fifty dollars for the two acres involved. Therefore, in my opinion as of yesterday the value of the two acres, plus the improvements, is a maximum of eight hundred sixty-seven dollars fifty cents * *
Therefore, from a review of the testimony the plaintiff has proven a value of $1,250 and the expert witness for the defendant has admitted a value of $867.50, and although there were no written reasons for judgment, it is evident that the trial judge considered the plaintiff to have proven his case by a preponderance of the testimony, and in this conclusion we find no manifest error.
Judgment affirmed.