GLADNEY, Judge.
This action to rescind a sale of realty was brought by Cloves Peterson against Valry Herndon on the ground of lesion beyond moiety. The case was tried on its merits after the court had overruled a motion filed by the defendant for a summary judgment. The trial court determined that the subject property had a market value of $575 per acre and rendered judgment in favor of plaintiff granting unto the defendant the option of treating the conveyance as null and receiving back the purchase price of $1,250 with legal interest or of paying to plaintiff the difference between the sale price and the market value of $575 per acre. The defendant has perfected this appeal.
The deed in question sought to convey plaintiff’s undivided interest in and to certain realty situated in Caddo Parish acquired during the marriage of plaintiff’s father and mother, Ranee Peterson and Mary Nichols Peterson. Through probate judgments rendered in the First District Court of Caddo Parish on February 8, 1932 and March 9, 1968 plaintiff was recognized as the owner of an undivided one-seventh (Vi) interest in the subject property as an heir of his mother and father and a sister, Beatrice Peterson Carpenter. The validity of these proceedings is not attacked.
In the act of sale, dated July 26, 1967 Peterson ceded to Herndon by warranty deed:
“All of his undivided interest in the East One-Half (Ei/¿) of the Northwest quarter (NW 14) of Section Twenty-Five (25), Township Nineteen North (T19N), Range Fifteen West (R15W), Caddo Parish, Louisiana.”
The property involved is described as being located near State Highway No. 1 approximately nine miles from the business district of Shreveport and approximately one mile northeast of the intersection of the Old Mooringsport and Roy Roads. Its southern boundary is within 150 feet of Highway No. 1 and is reached by a narrow lane. At the time of the sale there were no *617 improvements on the property other than three dilapidated houses which the experts agreed had no value. The land once was cultivated but is now covered with small trees and bushes. Lawrence L. May and Charles T. Hall, recognized experts in appraisals, valued the property in its entirety at $46,000 and $48,000 respectively, or $575 and $600 per acre. No additional evidence relating to the value of the property was presented.
The action of lesion beyond moiety has no common law concept but is derived from the French Code. Our Civil Code treats of the subject in Articles 1860-1880 under Title IV, Of Conventional Obligations ; under Sales, Title VII, Of the Rescission of Sales on Account of Lesion, Articles 2589-2600; and also in Articles 1397-1414 relative to rescission in partition. The prerequisite for sustaining the action of lesion is proof that the price paid be less than one-half of the value of the property as established at the time of the sale. The following codal articles provide guidelines for proving the value of the property sold:
“Art. 1861. The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied error or imposition, except in the two following cases:
******
“2. In sales of immovable property, the vendor may be relieved, if the price given is less than one-half of the value of the thing sold; but the sale can not be invalidated for lesion to the injury of the purchaser.”
“Art. 1870. When lesion is alleged to invalidate a partition or sale, the party alleging it must first prove the value of the property sold, in the state in which it was at the time of the contract, * *' * pje must then show how much the price given was less than such value ; * * *»
“Art. 1871. In all questions of lesion the value of that which was the subject of the contract at the time of making it, is the rule by which the lesion is to be ascertained. Even in the case of minors, changes in value by subsequent events are not to affect the contract.”
“Art. 2589. If the vendor has been aggrieved for more than half the value of an immovable estate by him sold, he has the right to demand the rescission of the sale, even in case he had expressly abandoned the right of claiming such rescission, and declared that he. gave to the purchaser the surplus of the thing’s value.”
“Art. 2591. If it should appear that the immovable estate has been sold for less that one-half of its just value, the purchaser may either restore the thing and take back the price which he has paid, or make up the just price and keep the thing.”
The aggrieved vendor will be regarded as having acted in error or to have been imposed upon by the purchaser irrespective of whether such error or imposition exists as a matter of fact. Foos v. Creaghan, 226 La. 619, 76 So.2d 907 (1954). The action is not available to all vendors of immovables. Codal Article 2594 expressly states that it is not granted against sales of movables and produce, nor when rights to a succession have been sold to a stranger, nor in matters of transfer of credits, nor against sales of immovable property made by virtue of any decree or process of a court of justice. The burden of proving lesion is on the party asserting it and he must establish it by strong and convincing proof. Foos v. Creaghan, supra; Crow v. Monsell, La. App., 200 So.2d 700, 703 (2nd Cir. 1967).
The appellant in defense of the action urges: first, that, as so provided in Article 2594, the action of lesion is without application “when rights to a succession have been sold to a stranger”; and second, that the vendor has failed to make sufficient proof of value.
*618 The Civil Code, Articles 871, 872, defines “Succession” as the transmission of the rights and obligations of the deceased to the heirs; it also signifies the estate rights and charges which a person leaves after his death. This transit of property was effected instantaneously by the operation of the maxim “le mort saisit le vif.” Thus Article 940 declares that a succession is required by the legal heir immediately after the death of the deceased. The Louisiana Inheritance Tax, however, makes it unlawful for one liable for the tax to take possession of or dispose of his inheritance without incurring personal liability for the tax. Disposition of the property results in acceptance of the succession. Although the heirs become owners from the moment of the death of the decedent they may not legally take possession. As noted in the Succession of Martin, 234 La. 566, 100 So.2d 509 (1958), the heir is seized of right, but not in fact, because he has not been judicially sent into possession. The tax statute, therefore, does not invalidate transfers of property where the inheritance tax has not been accounted for. The alienation of the property prior to the opening of the succession of Mary Nichols Peterson was not precluded by reason of nonpayment of the state inheritance tax and there was no necessity of opening the succession except for a determination of the tax levied on the right of transmission. Dobrowolski v. Dobrowolski, 215 La. 1078, 42 So.2d 760 (1949) ; Succession of Blumberg, 148 La. 1030, 88 So. 297 (1921); Fortson v. Lake, Inc., La.App., 176 So.2d 703 (4th Cir. 1965).
In describing the effect of the action of lesion among coheirs, Civil Code Article 1406 states:
“In order that the purchaser be not liable to this action, it is besides necessary that the vendor should have ceded to him all his successive rights, that is, all the rights he had in the succession. If he has only sold his part in the immov-ables to be divided, this sale shall be subject to rescission for lesion beyond a fourth.”
The foregoing article applies only to sales between coheirs and strictly speaking is not controlling to the instant case. However, the article makes it clear that where the vendor heir has sold only his part in the immovables to be divided, the sale may be subject to rescission. The distinction is recognized between a sale made of all of the heir’s successive rights and one which includes only the heir’s part in the immovables to be divided.
We are concerned herein with an act of sale which discloses no intention on the part of either vendor or vendee for the sale to include anything other than an undivided interest in a tract of immovable property. Peterson’s rights and obligations in the succession of his mother were not included, and the conveyance cannot be considered an alienation of rights to the succession.
It is earnestly insisted that the trial court reached its decision without sufficient proof of value. Code Articles 1870 and 1871, supra, require the party alleging lesion to prove the value of the property in the state in which it was at the time of the contract. Generally the courts have accepted market value as the standard of value, defining it as meaning a fair value to one who wants to purchase and one who wants to sell under usual and ordinary circumstances. Henderson v. Dyer, La.App., 68 So.2d 623, 625 (1953) and authorities therein cited. Foos v. Creaghan, supra, says that the determination of value is an issue of fact, i. e., whether a vendor has sold the immovable for less than one-half of its value to be determined as of the time of the sale. The opinion further states that under the jurisprudence the highest estimate will not generally be accepted and in ascertaining the true value of the property all estimates above the lowest have been characterized as conjectural, the burden being upon the plaintiff to establish the case by a strong and convincing proof. In the instant case the two appraisers based their estimations on comparable sales. There is no indication their findings were predicated on speculative values.
*619 It is further urged that when the property-sold constitutes an undivided interest its value is less than that of a corresponding fraction of the total value of the property. Hustmyer v. Waters, 186 La. 218, 171 So. 855 (1937) and Pierce v. Roussel, 227 La. 438, 79 So.2d 567 (1955); 14 Tulane Law Review, 249, 258, Lesion Beyond Moiety in the Law of Sale by Leonard H. Rosenson. In Hustmyer, Judge 'Odom, as the author of the opinion, opined that the value of an undivided Jieth interest in a piece of property is worth less than th of the value of the property as' a whole, explaining: “This is because the owner of a fractional interest in property is greatly hampered in the handling of it.” Cited in support qí the ruling are Fleming v. Irion, 132 La. 163, 61 So. 151; Beale v. Ricker, 7 La.Ann. 667 and Fletcher’s Heirs v. McMicken, 7 La.Ann. 178. Also recognizing this principle is the case of Pierce v. Roussel, supra.
Our examination of the record discloses that the estimation of the value of the subject property did not take into account all the circumstances which diminish its importance and value. We are of the opinion that the value of an undivided interest cannot be accurately determined from a division of the total value of the property. We feel that full justice cannot be accomplished without the addition of evidence which would reveal the diminution, if any, in value by reason of such undivided ownership.
It is therefore ordered that the judgment appealed from be annulled, set aside, and reversed, and that this case be remanded to the First Judicial District Court to be reopened and there proceeded with in accordance with law and the views herein expressed to the end that proper and legal proof be adduced as to the value of the undivided one-seventh (%) interest in:
“The East One-Half (E(4) of the Northwest quarter (NW }4) of Section Twenty-Five (25), Township Nineteen North (T19N), Range Fifteen West (R15W), Caddo Parish, Louisiana.”
All costs are to await a final determination of the case.