AYRES, Judge.
Plaintiff, Cloves Peterson, brought this action against the defendant, Valry Bruce Herndon, to rescind the sale of an undivided one-seventh (%) interest in an 80-acre tract of land on the ground of *180 lesion beyond moiety. After a trial on the merits, judgment was rendered in favor of plaintiff setting the sale aside. Defendant appealed to this court, whereupon the judgment was annulled, and the case remanded to the district court for the taking of additional evidence “as to the value of the undivided one-seventh (¥¡) interest in” the tract.
Following the taking of additional evidence, limited by the trial court to the possible diminution of value due to the undivided ownership of the property, judgment was rendered in favor of plaintiff, setting the sale aside, and defendant appealed.
Defendant contends the trial court erred in failing to admit evidence of the value of the property offered by two appraisers called in his behalf for the first time, whose testimony was not offered at the original trial. Plaintiff objected to the calling of these two appraisers by defendant contending that the case was remanded solely for the taking of evidence as to diminution in the value of the property by reason of the undivided ownership, and defendant could not call additional appraisers to testify concerning the use of the land, comparable sales, and related evidence as to the value of the property generally. In support of his objection plaintiff relies heavily on the following language quoted from the previous opinion of this court:
“Our examination of the record discloses that the estimation of the value of the subject property did not take into account all the circumstances which diminish its importance and value. We are of the opinion that the value of an undivided interest cannot be accurately determined from a division of the total value of the property. We feel that full justice cannot be accomplished without the addition of evidence which would reveal the diminution, if any, in value by reason of such undivided ownership.”
La.App., 221 So.2d 615, 619.
In addition, plaintiff points out dicta to support his position that the two appraisers called by him in the original trial based their values on sound considerations:
“ * * * In the instant case the two appraisers based their estimate on comparable sales. There is no indication their findings were predicated on speculative values.”
221 So.2d 615, 618.
While it could be said the above-quoted portions of the opinion relied on by plaintiff indicate the primary concern of the court was the diminution in value by reason of the undivided ownership in the subject property, there is no statement in the opinion which would restrict either party to the offering of additional evidence on that point alone. Rather, the decree directs:
“ * * * this case be remanded to the First Judicial District Court to be reopened and there proceeded with in accordance with law and the views herein expressed to the end that proper and legal proof be adduced as to the value of the undivided one-seventh (Vt) interest * * (Emphasis supplied.)
221 So.2d 615, 619.
Where the ends of justice would be best served, the courts in this State have always been very liberal in allowing additional evidence when a case is remanded for that purpose. LSA-C.C.P. Art. 2164, comment (d) ; Finn v. National Fire Insurance Company of Hartford, 100 So.2d 284, 288 (La.App., 2d Cir. 1958), and cases cited therein. Therefore, we are of the opinion, upon a careful reading of our prior opinion in this case, that a liberal interpretation of the judgment contained therein is amply supported by the law applicable to the facts set forth, and plaintiff’s objection should have been, and is hereby, overruled.
Having concluded that the appraisals of defendant’s experts, contained in the record under an offer of proof, are admissible *181 and properly before the court, we now turn to the merits of the case.
The subject property is described as being located near State Highway No. 1 approximately nine miles north of the business district of Shreveport, Louisiana, and approximately one mile northeast of the intersection of the Old -Mooringsport and Roy Roads. Its southern boundary is within ISO feet of Highway No. 1 and is reached by a narrow lane. At the time of the sale, July 26, 1967, there were no improvements on the property other than three dilapidated houses which the experts agreed had no value. The land was once cultivated but is now covered with small trees and bushes. Approximately twenty percent (20%) of the property is subject to seasonal overflow by the waters from Cain Creek.
Through probate judgments rendered in the First Judicial District Court of Caddo Parish in 1932 and again in 1968, plaintiff was recognized as the owner of an undivided one-seventh (Jj) interest in the subject property, being the same interest he had sold to defendant in 1967 for a purchase price of $1,250.
A prerequisite for sustaining the action of lesion is proof that the price paid be less than one-half of the value of the property as established at the time of the sale. LSA-C.C. Arts. 1861 and 2589.
To ascertain whether there is lesion beyond moiety, the immovable must be appraised according to the state in which it was at the time of the contract and the value which it had at the time of the sale. LSA-C.C. Arts. 1870 and 2590. As the party asserting lesion has the burden of proving it by strong and convincing proof, plaintiff must establish the value of his interest in the subject property to have been more than $2,500 on July 26, 1967, the date of the sale. Speculative values are not to be considered and the determination of market value by the highest and best use in which the property can be placed, as in expropriation suits, is inapplicable to the rescission of a sale on the ground of lesion. Armwood v. Kennedy, 231 La. 102, 90 So.2d 793 (1956); Foos v. Creaghan, 226 La. 619, 76 So.2d 907 (1954); Crow v. Monsell, 200 So.2d 700, 703 (La.App., 2d Cir. 196 —writ refused).
Plaintiff’s experts, Lawrence L. May and Charles T. Hall, valued the property in its entirety at $48,000 and $46,000 respectively, or $600 and $575 per acre. On remand, May testified he knew of the undivided ownership of the property and would not change his opinion as to its value. However, Hall testified he was not aware of the undivided ownership and reduced his appraisal by twenty percent (20%), valuing the land at $460 per acre. He stated the percentage was standard in a case of five to seven owners.
On the other hand, defendant’s experts, O. L. Jordan and A. W. Sour, valued the property in its entirety at $15,360 and $16,-000 respectively, or $192 and $200 per acre.' Both appraisers were aware of the undivided ownership, and Jordan used the twenty percent (20%) reduction, just as Hall had done.
The trial court, considering only the appraisals of plaintiff’s experts, concluded the value of the subject property to be $400 per acre and set aside the sale. We believe the trial judge erred in his conclusion as to the value of the subject property.
The appraisals of defendant’s witnesses are more logical and appear to be much more acceptable than those of the plaintiff’s witnesses, especially the appraisal of Lawrence May. Although May used several comparable sales, his report shows he relied entirely upon one sale. He stated in his conclusion:
"Due to the lack of road frontage, it is my opinion that the property is worth approximately one-half of the price paid to R. O. Roy by the school board, namely, $600 per acre, or * * * ($48,000).” (Emphasis supplied.)
*182 On cross-examination May stated the property was worth $600 per acre, but would have been worth $1,000 per acre, the difference attributed to the undivided ownership of the property. He did not mention the lack of road frontage. May further testified that it is not the province of an appraiser to allocate different values between different owners of a tract of land; rather, discount the value as a whole due to the existence of an undivided interest which is an invitation to litigation. He attributed little significance to whether the tract was owned by two or a hundred owners. This is contrary to all of the other testimony in the record and the cases cited in the original opinion of the court.
In addition, the use of the sale of R. O. Roy to the school board as a “comparable” was positively refuted by the testimony of O. L. Jordan and plaintiff’s witness, Charles Hall. Both Hall and Jordan were of the opinion the sale by Roy to the school board was not between a willing buyer and a willing seller, but was a purchase under a threat of eminent domain which resulted in a much higher price.
It is also significant that on cross-examination plaintiff testified two of his brothers and a sister who had owned an interest ■in the subject property were now deceased, leaving twelve children with rights in the property. This would increase the probable owners to sixteen, further reducing the value of plaintiff’s undivided interest in the property.
Therefore, we conclude plaintiff has failed to prove by clear, strong, and convincing evidence that the price given was less than one-half of the value of the property sold. The record shows defendant’s witnesses value the undivided interest of plaintiff at a sum which would not render the price paid lesionary.
For the reasons assigned, the judgment appealed is annulled, reversed, and set aside: and.
It is now ordered, adjudged and decreed that plaintiff’s demands be, and they are hereby, rejected and, accordingly,
That defendant, Valry Bruce Herndon, be, and he is, recognized and decreed the owner of an undivided one-seventh (Vi) interest in the E ¡4 of NW J4, Sec. 25, T. 19 N., R. 15 W., Louisiana meridian, Caddo Parish, Louisiana, as per deed from Cloves Peterson to Valry Bruce Herndon dated July 26, 1967, filed for record August 1, 1967, and recorded in Book 1157, page 52, of the Conveyance Records of Caddo Parish, Louisiana.
Plaintiff-appellee is assessed with all costs including the cost of this appeal.
Reversed and rendered.