ON REHEARING
In our original opinion, this appeal was dismissed on motion of the appellee on the grounds that the ninety day period for perfecting the appeal expired without appellant furnishing the required security and without appellant being granted the right to proceed in forma pauperis. The record revealed that appellant was granted a devolutive appeal conditioned on furnishing security in the amount of $50. The security was not furnished and subsequent to the expiration of the delay for perfecting the appeal appellant obtained an order allowing him to proceed in forma pauperis. *734 We held that the order permitting appeb lant to proceed in forma pauperis was of no effect and did not serve to extend or circumvent the time for perfecting the appeal.
In an application for rehearing, appellant pointed out there was a previous appeal in this case and for the first time called our attention to the fact that in connection with the first appeal an order was signed granting appellant the right to prosecute “this action and appeal in forma pauperis without the necessity of furnishing costs in advance or as they accrue and from giving bond therefor . . . ”. On the first appeal, the case was remanded for the taking of further evidence. The forma pauperis order issued in connection with the first appeal was never rescinded.
Since the first order allowing appellant to proceed in forma pauperis has never been rescinded, it remains in effect and the requirement of furnishing security in connection with the appeal now before us must be regarded as mere surplusage. The appeal was timely perfected upon granting of the order of appeal. LSA-Code of Civil Procedure Article 5185; LSA-Code of Civil Procedure Article 2088; Courville v. Anchor Gasoline Corporation, 174 So.2d 680 (La.App. 3d Cir. 1965).
A rehearing was granted and the appeal was set for rehearing before a panel of three judges since the appeal was not previously considered on the merits. The right to apply for a rehearing from the decision now rendered on the merits is reserved to both parties.
Auto-For-Rent, Inc., brought this suit against Sam Provenza for $1,340.16 allegedly due under a vehicle rental agreement between the parties, plus legal interest and reasonable attorney’s fees as stipulated in the agreement. Judgment was rendered in favor of plaintiff as prayed for and defendant appealed. On appeal, the case was remanded to the district court “for the purpose of introducing the original contract”, the document filed in evidence being a carbon copy and the absence of the original being unaccounted for and unexplained. Auto-For-Rent, Inc. v. Provenza, 242 So.2d 353 (La.App.2d Cir. 1970).
On remand, additional testimony was taken in the district court, and judgment was again rendered in favor of plaintiff as prayed for. Defendant again appealed.
Defendant-appellant contends the trial court erred on remand of the case in admitting additional testimony pertaining to other matters since the case was remanded for one specific purpose, that is, the introduction of the original contract. Defendant further contends that although it is conceded he owes some amount to plaintiff, plaintiff failed to carry the burden of proving with certainty the amount due.
The evidence reveals that defendant rented trucks from plaintiff over an extended period of time. In the fall of 1969, one truck being rented by defendant was returned to plaintiff, because of mechanical trouble, and another truck was rented to defendant in its place, at a time when defendant was past due on rental owed to plaintiff. The contract sued on was originally made out on the first truck, but was altered to cover the second truck rented to defendant when the first truck was returned. Initially, the contract was partially filled out and signed by defendant. The contract consisted of a printed form and several duplicate copies with carbon paper between each copy. The document filed into evidence was the second duplicate copy which contains: the printed information and terms; the matters initially filled in when the truck was checked out (including defendant’s signature), in carbon; and the mileage and figures filled in *735 with original ink when the truck was returned.
The absence of the original was satisfactorily explained on remand by plaintiff’s manager. It could not be located which was consistent with plaintiff’s routine practice of throwing away the originals periodically. The originals serve no purpose as a permanent record because the final figures reflecting the entire transaction are filled in on one of the duplicate copies, as was done in this case. - The duplicate copy offered into evidence, with the explanatory testimony of the manager, was properly admitted and considered.
The evidence presented at the trial on ' remand, consisting of the testimony of plaintiff’s manager and documentary evidence concerning defendant’s account with plaintiff, relating to the contract and the information appearing thereon, was within the scope of the purpose for remand, and was properly admitted and considered. Peterson v. Herndon, 235 So.2d 178 (La. App. 2d Cir. 1970).
Defendant was charged rental at the rates stipulated in the agreement for thirty-six weeks, five days and 3,627 miles. Defendant admits he was in possession of and using plaintiff’s truck from September 29, 1968, to June 14, 1969, the period for which he was charged, even though the date filled in on the agreement shows the vehicle was checked in on May 13, 1969. Plaintiff’s manager testified he personally checked the mileage on the truck when it went out and when it came in, the difference being 3,627 miles as noted on the rental agreement.
The evidence shows defendant made a payment on his account on October 26, 1968, which paid him up to September 29, 1968, the date from which he was charged. He was given credit for subsequent payments of $635 against a total indebtedness for the period in question of $1,975.16, leaving a balance due of $1,340.16.
Defendant offered no evidence to contradict plaintiff’s records and the supporting testimony of its manager, relying on his position that he did not know the correct amount owed and the burden is on plaintiff to prove the correct amount with legal certainty. We conclude, as did the district court on two occasions, that plaintiff satisfactorily discharged its burden of proof.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.