458 So.2d 659 (1984)
Mary or Marie Peck SAVOIE, et ux., Plaintiffs-Appellants,
v.
Perry JUDICE, et al., Defendants-Appellees.
No. 83-1015.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
*660 Olivier & Brinkhaus, John L. Olivier, Sunset, for plaintiffs-appellants.
Hollier & Ringuet, T. Michael Jordan, Lafayette, for defendants-appellees.
Before FORET, DOUCET and KNOLL, JJ.
DOUCET, Judge.
Plaintiffs, Mary or Marie Peck Savoie and Wilson Savoie, owners of a private gravel road situated in Section 78, Township 8 South, Range 4 East, St. Landry Parish, Louisiana, filed a suit against Perry Judice and Judice Sand Company for breach of contract with regard to damages to their road. Plaintiffs had orally agreed with defendants that they could use the road provided it would be restored to its original condition after defendants completed their operations. Defendants hired a motor grader to restore the road to the condition in which they found it. They spread ninety yards of gravel over a period of months. Plaintiffs claim that after defendants had restored the road, defendants used the road to haul out garbage and caused additional damages to the road forcing certain expenditures by plaintiff to restore the road.
The trial court dismissed the plaintiffs' suit, finding that the plaintiffs failed to carry the burden of showing any further damage to the road. Plaintiffs appeal from that judgment.
When a civil case is appealed the reviewing court is constitutionally mandated to give a thorough review of the trial court's factual findings. LSA Const. Art. 5, Section 10(B); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Farnsworth v. Lumbermens Mutual Casualty Co., 442 So.2d 1340 (La.App. 3rd Cir.1983), writs denied 445 So.2d 452 (La.1984).
The proper standard of review has been defined by the Courts:
"The function of an appellate court in reviewing a damage award is not to decide what it considers an appropriate award on the basis of the evidence, but rather only to review the exercise of the trier of fact's discretion. Reck v. Stevens, 373 So.2d 498 (La.1979); LSA-C.C. Article 1934(3). A reviewing court might disagree with the amount of the award *661 fixed by a jury, but it should not substitute its opinion for that of the trier of fact. Appellate review of awards for damages is limited to determining whether the trial court abused its much discretion." Kalmn, Inc. v. Empiregas Corp., 406 So.2d 276 (La.App. 3rd Cir.1981).
Before a reviewing court can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); Reck v. Stevens, supra.
In order to affirm the lower court's judgment, the record must reveal that a reasonable factual basis exists for the findings of the trier of fact, and that these findings are not manifestly erroneous. Farnsworth v. Lumbermens Mutual Casualty Co., supra. A review of the record reveals no abuse of discretion.
Plaintiffs orally agreed to allow Perry Judice to transport truckloads of dirt and other materials over the road on the condition that Mr. Judice would restore it to its original construction after completion of his work. There was some conflict in testimony as to the meaning of the word "original". Plaintiffs claim that defendants were to restore the road to the condition of a newly built road. However, defendants assert that they were meant to restore the road to its condition as of the beginning of the operations, and that this was done. Mr. Colvin, who was present when conditions for Mr. Judice's use of the road were discussed, testified that he understood that the road was to be restored to the condition in which Mr. Judice found it.
Defendant Perry Judice admits that he damaged the road, but he asserts that he spent close to $2,000.00 repairing it. He hired a motor grader to restore the shoulders of the road and the road bed. He also had six loads or ninety yards of gravel spread over the road. The testimony of John Breaux, Sr., as well as that of other truck drivers who used the road, indicates that the road was in as good or better condition after the defendants' restoration than before the commencement of this operation. Plaintiffs, however, argue that the road was not properly restored.
In addition to this claim for damages from the defendants' use of the road, plaintiffs assert that the day after they had spread additional gravel over the road, the defendants transported several truckloads of garbage over the road while it was wet and caused further damages. Perry Judice and Paul Benoit, who transported the trash, however, testified that the road was not wet and that no damage resulted.
At trial, plaintiffs presented no significant testimony excepting their own as to the damages left unrepaired by the defendants. The witnesses presented by plaintiffs, Michael Golvin and Goris Savoie, testified respectively that an agreement had been made between plaintiffs and defendants and that plaintiffs had spread gravel on the road. Neither testified as to the damages. The only evidence pertinent to the issue of damages was the deposition of Mr. Stelly, who originally constructed the road. He stated that 24 loads of dirt and six loads of gravel would be needed to restore the road to its original condition.
Plaintiffs' testimony revealed that the road had a sixteen foot bed, five foot shoulders, and five foot ditches at the time it was built. Plaintiff, Wilson Savoie, alleged at trial that defendants had cut the shoulder of the road in repairing it thereby reducing the width of the road. However, there is no evidence of record with regard to the dimensions of the road after the repairs by defendants.
The plaintiff has the burden of proving damages he suffered as a result of the breach of contract. Koncinsky v. Smith, 390 So.2d 1377 (La.App. 3rd Cir. 1980). The plaintiffs did not present substantial evidence of damages. The trial court, therefore, did not abuse its discretion in not granting an award of damages to the plaintiff and in dismissing his suit. We affirm the decision of the trial court. *662 All costs of this appeal are assessed to the appellant.
AFFIRMED.