KNOLL, Judge.
John Bailey Contractor, Inc., John Bailey Construction Company, R.L. Abshire Construction Company, Inc., and Trinity Universal Insurance Company (hereafter collectively referred to as Bailey) appeal the trial court’s quantum meruit award of $46,-942.86 to J.R. Hagberg, d/b/a Jim Jackson Contractor (hereafter Hagberg). This case was previously heard by us in Hagberg v. John Bailey Contractor, 435 So.2d 580 (La.App. 3rd Cir.1983), writs denied, 444 So.2d 1245 (La.1984), wherein, inter alia, we remanded the case to the trial court to determine the amount Bailey owed Hag-berg. On remand, in accordance with the views expressed in our opinion the trial court heard evidence and determined Hag-berg’s recovery “of only such amount as will represent the actual cost of the material, services, labor, etc., furnished by plaintiff [Hagberg] pursuant to the contract, but without allowance for overhead and profits.” On appeal Bailey contends that the trial court erred: (1) in allowing Hag-berg to introduce a document on remand which increased the amount claimed as actual costs from a similar document received in evidence at the original trial; (2) in holding that Hagberg proved its actual cost of labor and material; and (3) in holding certain items were properly chargeable to the project. We affirm. For the facts of this case, see Hagberg v. John Bailey Contractor, supra.
EVIDENCE ON REMAND
Bailey contends that the trial court erred on remand by failing to limit Hagberg to its original offering, P-19, a summary sheet of actual costs totaling $41,429.67, and allowed Hagberg to introduce a new exhibit, PR-6, a revised summary sheet, totaling $48,542.86, which exceeded the amount of costs established at the original trial.
On remand, Hagberg presented documented evidence of each item of expense listed on the PR-6 summary sheet. Bailey made no objection to the introduction of this evidence. When Bailey object *1134 ed to the introduction of the PR-6 summary sheet, evidence had already been received without objection for each item of expense listed in PR-6. Therefore, we find that Bailey waived any objection it may have had to the introduction of Hagberg’s actual costs presented on remand. Moreover, we placed no evidentiary restrictions on Hagberg’s burden of proof on remand, thus it was proper for the trial court to permit the introduction of PR-6 into evidence. Peterson v. Herndon, 235 So.2d 178 (La.App. 2nd Cir.1970).
BURDEN OF PROOF
A plaintiff has the burden of proving every element of damages claimed. Savoie v. Judice, 458 So.2d 659 (La.App. 3rd Cir.1984). In Marquette v. Housing Authority of Opelousas, 137 So.2d 374 (La.App. 3rd Cir.1962), we distinguished general overhead expenses from specific expenses as follows:

“Plaintiffs accountant, Albert W. Clay, Jr., makes a distinction between general overhead expenses, on the one hand, and specific expenses which are incurred in the performance of a particular contract or project, on the other. The latter type of expense, he explained, may include such things as the maintenance of an office at the job site, telephone, travel and other items which may be similar in nature to those included in general overhead expense. We understand that if an expense is incurred for a particular job, proper accounting procedure requires that it be included as a ‘job cost,’ but that other expenses which apply to the contractor’s operations as a whole, and are not incurred in the performance of one particular job, cannot properly be classified as job costs, but must be considered as general overhead expense.”

On remand, we directed the trial court to determine Hagberg’s actual costs of materials, services, labor, etc., on the Lake Arthur project, excluding overhead and profits. Bailey contends that, with the exception of employee payroll, the items of expense awarded by the trial court were either overhead expenses or insufficiently proven.
The trial court awarded Hagberg the following expenses listed on PR-6:
Payroll for employees $9,475.28
Payroll taxes and insurance 2,096.14
Employee per diem & petty cash purchases 4,824.55
Invoices paid (materials etc.) 19,549.50
Phone calls 121.19
Bob Hagberg’s expenses: Dec. 1980 1,431.97
Jan. 1981 1,319.71
Equipment costs — heater scarifier ($52/hr for 96.8 hrs) 5,127.20
Depreciation — Bob Hagberg’s van ($16,000 cost, SL for 5 yrs., 1.25 mo.) 333.34
Heater scarifier teeth 391.50
Heater scarifier burners 391.50
Heater scarifier mixer 391.50
Heater scarifier screed 589.48
TOTAL $46,042.86
Each of the disputed items were identified by Hagberg, accompanied by supporting business records, and inexorably traced to the Lake Arthur project. After a careful review of the record, we find that the items Bailey contends were overhead or insufficiently proven, were expenses Hagberg incurred specifically for this job, that no general overhead expenses were included, and that the items of expense were proven by a preponderance of the evidence. Therefore, the trial court did not err in its determination of Hagberg’s actual cost of material, services, labor, and other related job costs.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellants.
AFFIRMED.